Aaron SMOTHERS *v.* STATE of Arkansas

CR 04-944                                   194 S.W.3d 206

Supreme Court of Arkansas
Opinion delivered September 30, 2004

*Morley Law Firm,* by: *Stephen E. Morley,* for appellant.

No response from appellee.

PER CURIAM. Appellant Aaron Smothers entered a negotiated guilty plea to several felony counts and was sentenced to ten years' imprisonment in the Pulaski County Circuit Court. He was represented below by private counsel, Stephen Morley. A judgment and commitment order was entered on April 20, 2004. On June 9th, petitioner filed a *pro se* notice of appeal in the circuit court. A partial record was tendered to this court on August 31st. That same

date, our clerk's office notified Mr. Morley and informed him that, as attorney of record, he would need to file a motion for belated appeal on appellant's behalf, because the *pro se* notice of appeal was not timely. Instead of filing a motion for belated appeal, Mr. Morley has chosen to file what he calls a "response" to the request from the clerk's office.

In his response, Mr. Morley states that he was never informed by appellant that he desired to appeal. He also states that on the date of his guilty plea, he was not present, but that his brother, attorney Randall Morley, accompanied appellant during the proceeding. Randall Morley has filed an affidavit, which is attached to the response, echoing his brother's statement. Specifically, Randall Morley stated: "At no point did Mr. Smothers, before, during or after the plea, ask to appeal the conviction or request that my brother or I take any affirmative steps to assist in appealing his guilty plea." Based on this information, appellant's counsel insists that he cannot, ethically and truthfully, in good faith, file a motion for belated appeal in which he or his brother must accept fault for not timely filing an appeal.

■ ■ Complicating this situation is the fact that it is not apparent from the record that appellant has the right to appeal from the entry of his guilty plea, because the partial record does not reveal that the plea was entered conditionally, pursuant to Ark. R. Crim. P. 24.3(b). Generally speaking, a defendant waives his right to appeal when he pleads guilty. *See Berry v. City of Fayetteville*, 354 Ark. 470, 125 S.W.3d 171 (2003); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999). Other than an appeal from a sentence imposed by a jury after a guilty plea, Rule 24.3(b) provides the only procedure for an appeal from a plea of guilty. *Id.*

■ Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, *reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress* seized evidence or a custodial statement. If the defendant prevails on appeal, the defendant shall be allowed to withdraw the conditional plea. [Emphasis added.]

By the terms of Ark. R. Crim. P. 24.3(b), conditional pleas, and the accompanying right to appeal, are limited to an adverse determination

on a pretrial motion to suppress. *Berry*, 354 Ark. 470, 125 S.W.3d 171. This court has interpreted Rule 24.3(b) as requiring strict compliance with the language that the right to appeal be reserved in writing; otherwise, the appellate court does not obtain jurisdiction. *Barnett*, 336 Ark. 165, 984 S.W.2d 444.

In the present case, it is not clear from the partial record that the requirements of Rule 24.3(b) have been met. There is no writing reflecting that appellant was entering his guilty plea conditionally. Moreover, there appears to be nothing to appeal, as the record does not reflect that the trial court ever made an adverse ruling on a suppression motion. Although the record does reveal that appellant filed a motion to suppress on December 9, 2003, there is no indication that this motion was ever ruled on by the trial court.

Given the unusual posture of this motion and the fact that the record tendered in this case is incomplete, we hereby remand this matter to the trial court to settle the record and make findings of fact on the following issues: (1) whether appellant ever informed his counsel that he wanted to appeal; (2) whether the trial court ever made an adverse ruling on appellant's motion to suppress; and (3) whether appellant's guilty plea was entered conditionally, pursuant to Rule 24.3(b). We therefore grant the parties thirty days from the date of this *per curiam* order to settle these issues.