Aaron SMOTHERS *v.* STATE of Arkansas

CR 04-944                                                    198 S.W.3d 119

Supreme Court of Arkansas
Opinion delivered November 11, 2004

*Morley Law Firm, by: Stephen E. Morley*, for appellant.

No response.

PER CURIAM. Appellant Aaron Smothers pled guilty to several felony charges and was sentenced, per a negotiated plea agreement, to ten years' imprisonment. He was represented by Stephen Morley, but on the day of his plea, Stephen's brother, attorney Randall Morley, stood in for Stephen and represented Appellant during the plea hearing. The judgment and commitment order was filed on April 20, 2004. On June 9, Appellant filed a *pro se* notice of appeal. A partial record was tendered with our Clerk on August 31. That same date, our Clerk notified Stephen Morley that, as attorney of record, he would need to file a motion for belated appeal on Appellant's behalf, as the *pro se* notice of appeal was not timely.

Instead of filing a motion for belated appeal, Stephen Morley filed a response to our Clerk's request, stating that Appellant never informed him that he wanted to appeal. Attached to this response was the affidavit of Randall Morley, which reflected that Appellant never told Randall that he wanted to appeal. Based on this information, Stephen told this court that he could not, ethically and truthfully, in good faith, file a motion for belated appeal in which he or his brother must accept fault for not timely filing the notice of appeal.

Given the attorneys' assertion that Appellant had never stated that he wanted to appeal, we remanded the matter to the trial court to settle the record as to whether Appellant had ever informed either attorney that he wished to appeal. *See Smothers v. State*, 359 Ark. 55, 194 S.W.3d 206 (2004) (*per curiam*). We also voiced some concern about whether Appellant had the right to appeal from his guilty pleas. We noted that the right to appeal from a guilty plea is governed by Ark. R. Crim. P. 24.3(b), but that such right is limited to a conditional plea reserving in writing the right to a review of an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement. Accordingly, we instructed the trial court to settle the record as to whether the trial court ever made an adverse ruling on Appellant's motion to suppress, and whether Appellant's guilty pleas were entered conditionally, pursuant to Rule 24.3(b).

The trial court held a hearing on these issues on October 19 and filed its findings of fact on October 26. The trial court found that the testimony of Stephen Morley and Randall Morley was

more credible than Appellant's. Both attorneys testified that they had advised Appellant that, by pleading guilty, he would have no right to appeal. Both attorneys also testified that Appellant never told them that he wished to appeal. Based on this testimony, the trial court found that Appellant did not advise either attorney that he wished to file an appeal of his guilty pleas.

The trial court also found that the record in this case reflects that there was no adverse ruling on Appellant's motion to suppress. Finally, the trial court found that the record conclusively demonstrated that Appellant's guilty pleas were not entered conditionally pursuant to Rule 24.3(b).

Based on the foregoing findings, we conclude that neither trial attorney was at fault for failing to file a notice of appeal on Appellant's behalf. We also conclude that Appellant cannot proceed with his *pro se* appeal because his guilty pleas were not entered in accordance with the requirements of Rule 24.3(b). Accordingly, we dismiss the appeal.