Randolph McDONALD *v.* STATE of Arkansas

CR 03-957                                                    124 S.W.3d 438

Supreme Court of Arkansas
Opinion delivered November 6, 2003

*Laura Cunningham*, for appellant.

No response.

PER CURIAM. Attorney Laura Cunningham represents Randolph McDonald, who was convicted of possession of a controlled substance on a conditional plea under Ark. R. Crim. P. 24.3(b)(2002). Rule 24.3(b) provides that a criminal defendant who makes a conditional plea may appeal from the judgment for review of the adverse determination on the pretrial motion to suppress evidence. As indicated in our September 11, 2003, *per curiam*, McDonald failed to appeal from the June 4, 2003, judgment. Instead, McDonald attempted to appeal from the November 4, 2002, denial of the motion to suppress. Naturally, when the clerk's office received a notice of appeal on May 7, 2003, attempting to appeal an order from the previous November, the appeal was rejected as untimely. Rule 24.3(b) requires an appeal from the judgment, not the order denying the motion to suppress.

Had the notice of appeal listed the judgment and commitment order rather than the denial of the motion to suppress, it would have been timely even though filed early. Ark. R. App. P.—Crim. 2(b) (2003). The judgment in this case was not entered until June 4, 2003.

■ In the September 11, 2003, *per curiam* this court notified Cunningham that she was at fault for failing to file the notice of appeal within the time required under the rule and ordered her to file a motion and affidavit as required under Ark. R. App. P.—Crim. 2(e) (2003), accepting full responsibility for her error in failing to file an adequate notice of appeal. In response, Cunningham has not filed the motion as ordered; but rather she has filed a motion for reconsideration stating that "she declines to accept fault and will **not** file an admission of fault. . . ." (emphasis in the original.) Cunningham asserts in her motion for reconsideration (1) that her notice of appeal was in compliance in that the only thing that could be appealed under Rule 24.3(b) was the denial of the suppression order, (2) that a court ordered confession of misconduct is unconstitutional, (3) that a court ordered confession of misconduct creates a conflict between her and her client, and (4) that a court ordered confession of misconduct impermissibly compels her to give up one right in order to exercise another. Cunningham was required under the rules to file a notice of appeal within thirty days. She did not do so. The notice she attempted to file was defective and of no effect. The motion for reconsideration is denied. Cunningham is ordered to appear before this court on November 20, 2003, at 9:00 a.m., to show cause why she should not be held in contempt for failure to comply with this court's order set out in the September 11, 2003, *per curiam*.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. While I do not disagree with this *per curiam* order, it is important not to delay the appellant's appeal any further. For that reason, I would remove Ms. Cunningham as attorney of record in this case and appoint new counsel so that the appeal is stalled no longer. For that reason, I concur.