Rodell AVERY, Jr. *v.* STATE of Arkansas

CR 04-395                                203 S.W.3d 109

Supreme Court of Arkansas
Opinion delivered February 10, 2005

*Clay Law Firm*, by: *Alvin D. Clay*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PER CURIAM. On September 16, 2003, judgment was entered reflecting that Rodell Avery, Jr., had been found guilty by a jury of aggravated robbery and three counts of kidnapping in the Circuit Court of Calhoun County in CR 2002-35. An aggregate term of 360 months' imprisonment was imposed.

Also on September 16, 2003, judgment was entered reflecting that Avery had been found guilty by a jury of escape in the second degree in Calhoun County in CR 2002-38 for which a term of 120 months' imprisonment was imposed to be served consecutively to the term of imprisonment imposed in CR 2003-35. Avery was found to be a habitual offender with respect to all charges in both CR 2002-35 and CR 2002-38.

Alvin D. Clay, the retained attorney who represented Avery at both trials, filed a motion on October 14, 2003, to vacate the judgments in CR 2002-35 and CR 2002-38 pursuant to Criminal Procedure Rule 37.1. Clay also filed a motion to dismiss the charge of escape in CR 2002-38 on jurisdictional grounds.

On November 6, 2003, the court signed an order that denied the motion to vacate the sentence and the motion to dismiss the escape charge. The order was entered of record on

November 13, 2003. On November 20, 2003, Clay filed a notice of appeal from the "judgement (sic) entered against defendant on or about November 6, 2003." Arkansas Rule of Appellate Procedure–Criminal (2)(a) (2004) provides in pertinent part:

> [T]he person desiring to appeal the judgment or order or both shall file with the trial court a notice of appeal identifying the parties taking the appeal *and the judgment or order or both being appealed.* [emphasis added]

A notice of appeal from the judgments of conviction entered September 16, 2003, was not filed. As of the date of this opinion, appellant has not sought to proceed with a motion for belated appeal of the judgments under Rule 2(e) of the Rules of Appellate Procedure–Criminal.

When Clay tendered the record on appeal to this court, it was correctly lodged as an appeal of the order entered November 13, 2003, inasmuch as it was that order to which the notice of appeal made reference, and there was no notice of appeal in the record pertaining to the judgments of conviction.

Clay filed the appellant's brief with three points for reversal pertaining to the judgments of conviction and one point involving the merit of the motion to vacate the judgment filed pursuant to Ark. R. Crim. P. 37.1. The State subsequently filed a petition for writ of *certiorari* to complete the record with respect to one of the points for reversal that concerned the judgments of conviction, although the attempted appeal is from a Rule 37.1 order. The petition was granted, and upon receipt of the supplemental record, appellant was directed to file a substituted brief no later than December 8, 2004.

The substituted brief was not filed by that date, and the appellee opted nevertheless to file a brief on January 5, 2005. In the brief, the appellee noted that only one point for reversal pertained to an issue cognizable in this appeal, *i.e.,* the issue on the Rule 37.1 motion.

■ We first note that the State's brief should not have been accepted since no appellant's brief had been filed. It having been brought to this court's attention by the filing of the State's brief that the appellant in this post-conviction appeal, which is civil in nature, has failed to file the substituted brief as directed, the appeal is dismissed pursuant to Ark. Sup. Ct. R. 4-5.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Appeal dismissed.