Rodell AVERY, Jr. *v.* STATE of Arkansas

CR 04-395                                    206 S.W.3d 828

Supreme Court of Arkansas
Opinion delivered April 7, 2005

*Alvin D. Clay*, for appellant.

No response.

P ER CURIAM. Appellant Rodell Avery, Jr., by and through his attorney, has filed a motion for belated appeal. His attorney, Alvin D. Clay, states that on September 16, 2003, judgments were entered reflecting Avery's convictions for aggravated robbery, three counts of kidnapping, and escape in the second degree, following which Mr. Clay filed motions to vacate the sentences. Upon the denial of the motions, Mr. Clay filed notices of appeal that merely made reference to the order denying the motions to vacate, and not to the judgments themselves. Mr. Clay states that on appeal, this court treated the appeal as one from a denial of post-conviction relief and dismissed the appeal when Mr. Clay failed to file a substitute brief and abstract as directed by the court. *See Avery v. State*, 360 Ark. 595, 203 S.W.3d 109 (2005) (*per curiam*). Mr. Clay now admits that he erred in failing to file a timely notice of appeal from the judgments entered against Avery on September 16, 2003, and that his error prevented Avery from having his convictions reviewed by this court.

■■ This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the

motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

This court's rules further provide that no motion for belated appeal shall be entertained unless application has been made to this court within eighteen months of the date of the entry of judgment. *See* Ark. R. App. P.–Crim. 2(e) (2004). While Mr. Clay did not file the instant motion until the last possible day on which to do so, we note that the motion is in fact timely.

In accordance with *McDonald v. State, supra,* Mr. Clay has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.