Robert Stephen HILL *v.* STATE of Arkansas

CR 05-96                                              215 S.W.3d 586

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*Patrick J. Benca* and *John Wesley Hall. Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

Betty C. Dickey, Justice. This appeal arises from the court of appeals reversal of appellant's conviction for possession of methamphetamine. In its petition for review, the State asserts that the court of appeals lacked jurisdiction to consider any claims of error regarding the circuit court's denial of appellant's motion to suppress,

because the notice of appeal did not appeal from the judgment encompassing his second conditional plea but only from the order denying his motion to suppress after the conditional plea. A notice of appeal pursuant to Ark. R. Crim. P. 24.3(b) requires an appeal to be from the judgment. Appellant argues that both the judgment and commitment order as well as his second appeal specifically mention the "conditional plea," and, thus, there is sufficient information to satisfy Rule 24.3. We conclude that the court of appeals lacked jurisdiction to decide this case because appellant failed to appeal the judgment as required by Rule 24.3. Accordingly, we dismiss.

In September of 2001, appellant Robert Hill was arrested for and charged with possession of methamphetamine. At a hearing on appellant's motion to suppress on January 29, 2002, the circuit court orally denied appellant's motion. After the hearing, pursuant to Ark. R. Crim. P. 24.3(b), Appellant entered a conditional plea of guilty to possession of methamphetamine, and was sentenced to sixty months' imprisonment, thirty of which were suspended. A judgment and commitment order was filed on March 20, 2002. He filed a timely notice of appeal of the judgment and commitment order, but the court of appeals dismissed the appeal because it did not comply with the strict requirements of Rule 24.3(b). *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

On June 12, 2003, Appellant filed a motion for relief, pursuant to Ark. R. Crim. P. 37, alleging that his counsel was ineffective for failing to insure strict compliance with the requirements of Rule 24.3(b). The circuit court resolved the issue by ordering the parties to submit a substitute conditional-plea agreement, in compliance with Rule 24.3. Both the court's Rule 37 order and the corrected plea agreement were filed on August 11, 2003. On September 2, 2003, Appellant filed a second notice of appeal, which stated that he "appeals the order denying the motion to suppress after his conditional plea." The final amended judgment and commitment order was not filed until May 17, 2004, and no subsequent notice of appeal was filed.

This case is here on a petition for review because the State contends that there is no jurisdiction to consider the appeal, and the court of appeals' holding otherwise is in conflict with our opinion in *McDonald v. State*, 354 Ark. 680, 124 S.W.3d 438 (2003) (*McDonald I*). When this court grants a petition for review of a decision of the court of appeals, it reviews the case as though it had

originally been filed in the Arkansas Supreme Court. Ark. Sup. Ct. R. 1-2(e); *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000).

We have long held that criminal defendants desiring to appeal adverse rulings must appeal from the judgment of conviction. *See, e.g., Avery v. State*, 361 Ark. 352, 206 S.W.3d 828 (2005) (granting motion for belated appeal where first notice of appeal was ineffective because it purported to appeal orders denying motions to vacate and not the judgments themselves). Indeed, Rule 24.3(b), pursuant to which Hill has appealed, states that the defendant may enter a conditional plea of guilty "reserving in writing the right, *on appeal from the judgment*, to review an adverse determination of a pretrial motion to suppress evidence . . . ." Ark. R. Crim. P. 24.3(b) (Repl. 2005) (emphasis added). We clarified in *McDonald v. State*, 354 Ark. 680, 124 S.W.3d 438 (2003) (*McDonald I*), that this rule requires a notice of appeal to appeal from the judgment, not the denial-of-suppression order, by stating that "Rule 24.3(b) requires an appeal from the judgment, not the order denying the motion to suppress," and that McDonald's notice appealing the order denying the motion to suppress was "defective and of no effect." *Id.* at 680-81, 124 S.W.3d at 438.

Because Hill appealed from the order denying suppression rather than the judgment, neither the court of appeals nor we have jurisdiction to decide this case. We therefore reverse the court of appeals and dismiss Hill's appeal.