Alan D. WILLIAMS *v.* STATE of Arkansas

CA CR 05-223                                          237 S.W.3d 93

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Alan D. Williams, pro se,* for appellant.

No response.

**P**ER CURIAM. Alan D. Williams filed a motion for belated appeal in the court of appeals. The court of appeals certified the motion to this court because, pursuant to Ark. R. App. P. – Crim. 2(e), the supreme court may act upon and decide a case in which the notice of appeal was not timely. Williams filed this motion for belated appeal seeking relief after the court of appeals granted a motion to dismiss his prior appeal for failure to timely file a notice of appeal.

This case arises from a conditional plea of guilty under Ark. R. Crim P. 24.3 On November 1, 2004, a hearing was held in the circuit court on Williams's motion to suppress. The motion was denied that day, and Williams's attorney, Sky Tapp, subsequently filed a notice of appeal from the Order of Conditional Plea entered on November 1, 2004. However, the judgment was not entered until December 17, 2004, and Tapp never filed a notice of appeal from that judgment.

A conditional plea under Rule 24.3 provides the right to appeal from the "judgment," and this court has made clear that the appeal must be taken from the judgment and not the order denying the motion to suppress. *See Hill v. State,* 363 Ark. 505, 215 S.W.3d 586 (2005). Consistent with this law, the court of appeals granted the motion to dismiss.

Williams now moves to be allowed a belated appeal on the basis that he has a right to an appeal, and that the fault for failure to file a timely notice of appeal lies with his attorney. "Relief from failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal." *McDonald v. State,* 256 Ark. 106, 111, 146 S.W.3d 883, 887 (2004). Further, under Rule 2(e), an attorney or a criminal defendant may seek relief when he or she is not at fault for the failure to perfect the appeal and where good reason can be shown. *McDonald, supra.* Good reason is established where a criminal defendant is not at fault, and his or her attorney has failed to file a timely notice of appeal. *Id.* A notice of appeal in this case was filed by attorney Tapp; however, he failed to appeal from the judgment as required under Rule 24.3. Williams was not at fault for his attorney's failure to file a timely notice of appeal. He shows good reason for this motion to be granted. Williams may file his appeal, and a copy of this opinion shall be forwarded to the Committee on Professional Conduct.