Leland D. LAWSON *v.* STATE of Arkansas

CA CR 05-1168                                                  238 S.W.3d 931

Supreme Court of Arkansas
Opinion delivered September 14, 2006

*Blake Chancellor*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

PER CURIAM. Leland D. Lawson filed a motion for belated appeal in the Arkansas Court of Appeals. The court of appeals certified the motion to this court because, pursuant to Ark. R. App. P.–Crim. 2(e), this court may act upon and decide a case in which the notice of appeal was not timely. Lawson filed this motion for belated appeal seeking relief after the court of appeals dismissed his prior appeal for failure to timely file a notice of appeal.

This case arises from a conditional plea of guilty under Ark. R. Crim. P. 24.3. On July 5, 2005, a hearing was held in the circuit court on Leland's motion to suppress. The motion was denied that day, and Lawson's attorney, Blake Chancellor, subsequently filed a notice of appeal from the ruling against Lawson's motion to suppress entered on July 5, 2005.

A conditional plea under Rule 24.3 provides the right to appeal from the "judgment," and this court has made clear that the appeal must be taken from the judgment and not the order denying the motion to suppress. *See Williams v. State*, 366 Ark. 583, 237 S.W.3d 93 (2006) *(per curiam)*. Consistent with this law, the court of appeals granted the motion to dismiss.

Lawson now moves to be allowed a belated appeal based upon the court of appeals' ruling that, pursuant to *Williams*,

he may not be precluded from filing a motion for belated appeal. Relief from failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. *Id.*; *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Further, under Rule 2(e), an attorney or a criminal defendant may seek relief when he or she is not at fault for the failure to perfect the appeal and where good reason can be shown. *Id.* Good reason is established where a criminal defendant is not at fault, and his or her attorney has failed to file a timely notice of appeal. *Id.* In this case, as in *Williams*, a notice of appeal was filed by attorney Chancellor; however, he failed to appeal from the judgment as required under Rule 24.3. Lawson was not at fault for his attorney's failure to file a timely notice of appeal and he shows good reason for this motion to be granted. Lawson may file his appeal, and a copy of this opinion shall be forwarded to the Committee on Professional Conduct.[1]

---

[1] This court does not agree with the State's contention that we should limit the availability of appellate Rule 2 to the review of an appealed conviction rather than the review of a denial of a motion to suppress pursuant to Rule 24.3(b).