Octavio RODRIGO *v.* STATE of Arkansas

CA CR 06-1092                                             261 S.W.3d 465

Supreme Court of Arkansas
Opinion delivered September 6, 2007

*Danny Rasmussen,* for appellant.

No response.

PER CURIAM. Appellant Octavio Rodrigo, by and through his attorney Danny Rasmussen, has filed a motion for belated appeal. In the instant motion, Rasmussen admits that the initial notice of appeal filed in this matter was defective in that it reserved the right to appeal from the order denying Appellant's motion to suppress rather than the judgment of conviction.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, this court stated that there are only

two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id*. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id*. (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id*.

■ In accordance with *McDonald*, Mr. Rasmussen has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.

DANIELSON, J., not participating.