Marshall WILLIAMS *v.* STATE of Arkansas

CR 80-144                                  613 S.W. 2d 94

Supreme Court of Arkansas
Opinion delivered March 23, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah R. Sallings*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Justice. Appellant, Marshall Williams, was charged with felony theft of property and with being a habitual offender with four prior convictions. Just prior to his scheduled court trial on May 4, 1979, the court was informed of a negotiated plea between the parties. The terms of the agreement were that the State would recommend to the court a 30-year suspended sentence conditioned upon a plea of guilty and upon appellant providing truthful information about another crime. Before accepting the plea of guilty, the court specifically advised the defendant that he was not bound by the prosecutor's recommendation and could sentence appellant to any term within the range provided by law. After accepting the plea, sentencing was postponed until June 1, 1979, at which time appellant failed to appear.

Appellant was subsequently arrested and brought before the court for sentencing. At this time the prosecuting attorney withdrew his recommended 30-year suspended sentence although appellant had fulfilled the conditions agreed upon at the time the plea of guilty was entered and accepted by the court. Appellant immediately moved the court to either hold the State to its bargain or to allow him to withdraw his guilty plea; the court denied the request and sentenced appellant to 20 years imprisonment.

The issue in this case is whether, following the State's refusal to seek the sentence agreed upon in the plea negotiations, the appellant should have been allowed to withdraw his guilty plea under Ark. Rules Crim. Proc., Rule 26.1(c) (iv) (Repl. 1977), which provides:

(c) Withdrawal of a plea of guilty or nolo conten-

dere shall be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

...

(iv) he did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; ...

The State first argues that it was an implied part of the State's bargain that appellant be on good behavior until the judgment and sentence were entered. We find no basis in the Rules of Criminal Procedure for sustaining this argument.

Next the State argues that a final determination of the sentence was within the discretion of the trial judge where, as here, the judge expressly informed the defendant at the time of taking the plea that the court would not be bound by the plea bargain. This is true *only* when considered in light of the above Rule which requires that the trial judge allow a plea withdrawal when the prosecutor fails to seek the agreed upon concessions at sentencing, following defendant's full compliance with the terms of the plea bargain. The defendant is entitled to be assured that a plea withdrawal will be mandatory where the prosecutor fails to follow through with his end of the bargain. It would be inherently unfair for the judge to only bind one of the parties to the bargain.

Rule 26.1(c)(iv) contemplates that the trial judge will hold both parties to the plea agreement or release both. Under these circumstances the trial court could assess any sentence it felt was warranted where, as here, he had earlier reserved his right not to be bound by the plea bargain.

The court erred in refusing to allow appellant to withdraw his plea of guilty. Appellant's plea of guilty is set aside and this case is reversed and remanded for trial.