Herman G. FOLK, Sr. *v.* STATE of Arkansas

CA CR 05–1302                                   238 S.W.3d 640

Court of Appeals of Arkansas
Opinion delivered September 6, 2006

*Joseph P. Mazzanti, III*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Herman G. Folk appeals his conviction for theft of property and the resulting sentence of fifteen years in prison and an order to pay $5600 in restitution. He argues that the trial court erred in failing to permit him to withdraw his plea of no contest. The State asserts that appellant failed to preserve this issue for appellate review, or in the alternative, that this argument holds no merit. We affirm.

The following is a chronology of relevant events leading to this appeal. An information charging appellant with theft of property was filed in Bradley County Circuit Court on August 4, 2004. A jury trial was set in the early months of 2005, but was continued several times to June 8, 2005. Appellant was accused of making fraudulent deposits into a bank account and making withdrawals from that account, otherwise known as "check kiting." He was on parole at the time. At the commencement of proceedings on June 8, the public defender and prosecutor announced that they had negotiated a plea bargain whereby the bank would quickly receive full restitution and appellant would also serve a five-year sentence. There was some discussion about waiting a week to accept the plea so that restitution could be paid first, but the trial judge said, "I'd like to consummate it today." The prosecutor asked that the trial court "let him plead guilty and sentence him when we get the money[.]" The public defender added that "if you don't accept the State's recommendation we can withdraw our guilty plea." The trial judge replied, "That sounds good." Thereupon, appellant verbally entered a no-contest plea in open court after a full verbal examination, waiving his rights to a trial on the charges. A written and signed "No Contest Plea Statement" was filed on the same day, reflecting appellant's identifying information, the criminal charge and range of punishment, and the consequences of pleading no contest, including:

> I believe the Prosecutor's recommendation is in my best interest. If I plead guilty, I understand the court is not required to accept either my no contest plea or the Prosecutor's recommendation for punishment, and the court can make my sentence greater or lighter than the recommendation.

The prosecutor's recommendation for this crime was (1) to serve a five-year prison sentence consecutively to another sentence appellant

had already served, with credit for time served since February 9, 2005; (2) to pay court costs and jury costs; and (3) to pay restitution of $5600 to Warren Bank and Trust Company within seven days of June 8, 2005. The trial judge indicated acceptance of the no-contest plea, commenting that he wanted appellant to promptly pay the restitution, which was the compelling interest argued by the State. At the conclusion, the trial court set sentencing for June 29, but appellant was ill that day, necessitating that sentencing be moved to July 11.

On July 11, 2005, appellant and his public defender appeared. Appellant announced that he wanted the public defender to cease representing him, he was seeking another attorney, and he wanted to withdraw his plea. The judge reminded appellant that his case was set for sentencing because he had already entered a no-contest plea upon which the court "made a finding that you were guilty." The public defender explained that since the June 8 hearing, appellant's sister was unable to garner the funds to pay full restitution, so appellant had suggested another sentence he would be willing to accept. Appellant stated, "I withdraw the plea." The judge responded that, "it's not that simple." However, the trial judge continued the sentencing for another month, to late in August, to allow appellant to try to find another attorney of his own choosing. At a review hearing on July 27, 2005, appellant had not acquired private counsel, so another public defender was appointed to represent appellant. A jury sentencing was conducted on August 18, 2005, without comment or objection from defense counsel. After deliberations on punishment, the jury rendered a fifteen-year prison sentence and restitution to the bank. Prior to pronouncement of sentence, appellant said that he would be appealing. Appellant filed a timely notice of appeal from the judgment of conviction.

Appellant argues that the trial court violated his absolute right to withdraw his no-contest plea pursuant to Ark. R. Crim. P. 26.1, or alternatively abused its discretion in not allowing withdrawal. Rule 26.1 provides in pertinent part:

> (a) A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due

consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

(b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

. . . .

(iv) he or she did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or

(v) he or she did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial court had indicated its concurrence and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea.

Appellant alleges that it is unclear whether the trial court accepted his no-contest plea, giving him the absolute right to withdraw it, pursuant to subsection (a). Furthermore, he argues that even if the trial court accepted the plea, the trial court abused its discretion in not permitting it to be withdrawn to avoid manifest injustice pursuant to subsections (a) and (b) because he did not receive the sentence he had negotiated.

█ The State responds that appellant's no-contest plea was in fact accepted at the June 8 hearing, reinforced by appellant's statement that he wanted to withdraw the plea at the review hearing in late July. We agree with the State's assessment, given a reading of the colloquy on the record among the attorneys, the judge, and appellant. The judge made clear that he desired to complete the no-contest plea and not wait to see if appellant fulfilled his promise to pay restitution within seven days of June 8. The review hearing where appellant stated his desire to withdraw his plea and obtain new counsel, and the trial court's response, support that proposition. For this reason, appellant did not have an absolute right to withdraw the plea.

Appellant argues in the alternative that the trial court abused its discretion in not permitting withdrawal of the plea after appellant did not comply with the time-sensitive restitution. The State argues that this argument is procedurally barred for failing to obtain a ruling on this specific aspect of the argument. Appellant, not his attorney, made only a general statement that he wanted to withdraw his plea. Nonetheless, his attorney amplified that appellant was unable to pay the monies owed and had his own idea of a sentence he would accept. It is apparent that he was invoking Rule 26.1, and we address the merits of the argument.

Appellant's argument is unavailing. It was his burden to show to the satisfaction of the trial court that a manifest injustice needed correcting, if it was fair and just to do so, giving consideration to the reasons advanced by the defendant and any prejudice resulting to the State if the motion to withdraw were granted. Ark. R. Crim. P. 26.1(a). This is a discretionary decision left to the trial judge. *See id.* What constitutes a "manifest injustice" is explained by way of example in subsection (b) of the Rule. Appellant seizes on the subsections speaking to a defendant not receiving the benefit of his bargain enumerated in (b)(iv) and (b)(v). He is mistaken.

Appellant has failed to show that the trial court abused its discretion in failing to permit withdrawal of the no-contest plea where appellant failed to comply with his end of the bargain. Appellant did not comply with the terms of the sentence recommendation in that he failed to pay restitution within seven days, and his attorney stated that appellant had another suggested "deal" for sentencing. Appellant gambled on his sister's ability to pay the restitution for him within seven days, and the trial court and prosecutor had no control over that outcome. There is no "manifest injustice" here, as defined in Rule 26.1, thus the trial court did not abuse its discretion in not granting withdrawal of his plea. *Compare Ellis v. State*, 288 Ark. 186, 703 S.W.2d 452 (1986). It would be inherently unfair for the judge to only bind one of the parties to the bargain. *See Williams v. State*, 272 Ark. 207, 613 S.W.2d 94 (1981). We hold that no abuse of discretion has been demonstrated.

Appellant adds in closing that the trial judge violated Ark. R. Crim. P. 25.3, which mandates the duty of a trial judge regarding pleas. This Rule provides in pertinent part that if the judge agrees with the plea agreement, but then decides before

sentencing that the concessions should not be included in the disposition, then he must advise the parties and give the defendant an opportunity to affirm or withdraw his plea. Ark. R. Crim. P. 25.3(b). In failing this, appellant argues that the trial court erred. We disagree that appellant has demonstrated an error here because the concessions were no longer applicable when appellant failed to abide by his duty under the plea agreement. *See Williams, supra.*

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.