David LEWIS *v.* STATE of Arkansas

CA CR 06-1455 272 S.W.3d 113

Court of Appeals of Arkansas
Opinion delivered January 23, 2008

*Charles D. Hancock*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

B RIAN S. MILLER, Judge. Appellant David Lewis entered a negotiated plea of guilty to six felony charges in exchange for a sentence recommendation of 360 months. Lewis, however, failed to appear at his sentencing hearing. After Lewis was eventually apprehended, the trial court denied Lewis's motion to withdraw his plea, and sentenced Lewis to a prison sentence of 864 months. On appeal, Lewis argues that the trial court erred when it denied his motion to withdraw his guilty plea before the court entered a sentence that deviated from the sentence contemplated by the plea negotiations. Lewis also argues that the sentences imposed by the trial court for possession of marijuana with intent to deliver and possession of cocaine with intent to deliver were illegal because they exceed the maximum punishment permitted by Arkansas law. We agree that the trial court erred when it denied Lewis's motion to withdraw his guilty plea, and for this reason, we reverse and remand.

Lewis was charged with the following criminal acts in the Arkansas County Circuit Court: (1) possession of a controlled substance with the intent to deliver, specifically marijuana, a class "C" felony, carrying a penalty of four to twenty years; (2) possession of a controlled substance with intent to deliver, specifically crack cocaine, two counts, a class "Y" felony, carrying a penalty of ten to eighty years; (3) possession of a controlled substance, specifically hydrocodone, a class "B" felony, carrying a penalty of five to forty years; (4) possession of marijuana, a class "D" felony, carrying a penalty of zero to six years; (5) possession of hydrocodone with intent to deliver, a class "Y" felony, carrying penalty of ten to eighty years or life; (6) battery in the second degree, two counts, class "D" felonies, carrying penalties of zero to six years; (7) possession of drug paraphernalia, a class "C" felony, carrying a penalty of three to ten years; (8) fleeing on foot,

a class "A" misdemeanor, carrying a penalty of up to one year in jail; and (9) resisting arrest, a class "A" misdemeanor, carrying a penalty of up to one year in jail. Negotiations with the State concluded with Lewis agreeing to plead guilty to three counts of possession of cocaine with intent to deliver, one count of possession of marijuana with intent to deliver, and two counts of battery in the second degree. In exchange for the plea, the State agreed to recommend to the court that Lewis receive a total of 360 months in prison.

The trial court was informed of the terms of the plea agreement and agreed to sentence Lewis according to the plea agreement. The court accepted Lewis's guilty plea on December 7, 2005. Before releasing Lewis until the date of the sentencing hearing, the court told Lewis:

> Now, I am sure that Mr. Barrett [defense counsel] has explained to you that if for any reason you do not show up for sentencing as scheduled . . . , and if you do not have a very very good reason for not showing up, having already accepted your pleas of guilty to charges, I will consider myself to be free to sentence you to any term of years that I could sentence you to if you had simply entered pleas of guilty with no recommended sentence. Do you understand that?

Lewis acknowledged that he understood and was released until February 6, 2006. Lewis, however, failed to appear for sentencing and a warrant was issued for his arrest.

Lewis was arrested on June 27, 2006, and his sentencing hearing was finally held on August 28, 2006. At the hearing, the trial court informed Lewis that the court was no longer bound by the sentencing recommendation because Lewis had failed to appear at the original sentencing hearing. Counsel for Lewis objected and verbally moved the court to permit Lewis to withdraw his guilty plea. The State did not object to defense counsel's motion and announced that it was prepared for trial. The trial court denied Lewis's motion to withdraw his guilty plea and sentenced Lewis to a prison term of 864 months. Lewis filed a timely appeal.

Lewis relies on Rules 25.3 and 26.1 of the Arkansas Rules of Criminal Procedure in support of his argument that the trial court abused its discretion when it failed to permit him to withdraw his guilty plea. We hold that the court erred pursuant to both rules and therefore we reverse and remand.

 The trial court erred by failing to call upon Lewis to either affirm or withdraw his plea at the sentencing hearing. Rule

25.3 permits the parties to a criminal action to inform the court of the terms of plea negotiations before a plea is taken. Ark. R. Crim. P. 25.3(b). The court may then indicate whether it will concur in the proposed disposition. *Id.* The rule further provides that:

> If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.

*Id.* The trial court was informed that the plea agreement required Lewis to enter a plea of guilty in exchange for 360 months in prison. Once the court indicated to the parties that he would concur in the proposed disposition, and Lewis entered a guilty plea based on the agreement, the court was required by Rule 25.3(b) to either sentence Lewis according to the agreement or permit Lewis to withdraw his plea. The court erred in failing to do so.

The trial court also erred pursuant to Arkansas Rules of Criminal Procedure Rule 26.1, when it denied Lewis's request to withdraw his plea. That rule provides that a criminal defendant has an absolute right to withdraw a plea of guilty or nolo contendere before the plea is accepted by the court. Ark. R. Crim. P. 26.1(a). A plea of guilty or nolo contendere may not be withdrawn after the judgment is entered. *Id.* During the time between the entry of the plea and the entry of the judgment, the trial court has discretion to permit a defendant to withdraw a plea of guilty or nolo contendere. *Id.* In deciding whether to permit a defendant to withdraw his plea, the court must determine whether the plea withdrawal is required to correct a manifest injustice. *Id.* The rule further provides, in pertinent part:

> (b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:
>
> . . .
>
> (v) he or she did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial court had

indicated its concurrence and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea.

Ark. R. Crim. P. 26.1(b)(v).

In *Williams v. State*, 272 Ark. 207, 613 S.W. 2d 94 (1981), the Arkansas Supreme Court reversed the trial court for refusing to permit a defendant to withdraw his guilty plea under conditions similar to the conditions in this case. In that case, the defendant was charged as an habitual offender with felony theft of property. *Id.* Plea negotiations concluded with the defendant agreeing to plead guilty in exchange for a suspended sentence. *Id.* The court was informed of the agreement before the defendant entered his plea of guilty. *Id.* After taking the plea, the court scheduled a sentencing hearing, at which the defendant failed to appear. *Id.* The defendant was later arrested and the State withdrew its sentence recommendation. *Id.* The defendant moved the court to hold the State to its bargain or allow him to withdraw his plea. *Id.* The court denied the motion and sentenced the defendant to twenty years' imprisonment. *Id.* The supreme court reversed, holding that:

> [t]he defendant is entitled to be assured that a plea withdrawal will be mandatory where the prosecutor fails to follow through with his end of the bargain. It would be inherently unfair for the judge to only bind one of the parties to the bargain.
>
> Rule 26.1(b)(iv) contemplates that the trial judge will hold both parties to the plea agreement or release both.

*Id.* at 209, 613 S.W.2d at 95-96.

■ *Williams* and this case are distinguished only by the fact that the State withdrew the sentence recommendation in *Williams*, while here the trial court, *sua sponte*, deviated from the terms of the plea agreement entered by Lewis. This distinction is important only because it required the court in *Williams* to apply Rule 26.1(b)(iv), while we are required to apply Rule 26.1(b)(v). The analysis to be applied in both cases, however, is indistinguishable. When the *Williams* analysis is applied to this case, it is clear that the trial court erred by failing to permit Lewis to either affirm or withdraw his guilty plea. Therefore we reverse on this point.

Because we are reversing, we do not address Lewis's argument that his sentences were illegal.

Reversed and remanded.

GLOVER, MARSHALL, and VAUGHT, JJ., agree.

HEFFLEY and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. This appeal arises from the sentences appellant David Lewis received after he pleaded guilty to the offenses of possession of cocaine with intent to deliver (3 counts), possession of marijuana with intent to deliver, and second-degree battery (2 counts). Appellant asserts two points of error on appeal: (1) The trial court erred by not allowing Mr. Lewis to withdraw his guilty plea when he did not receive the sentence he negotiated after the court accepted the plea and recommendation; (2) Mr. Lewis's sentence of sixty years' incarceration for possession of cocaine with intent to deliver, and his sentence of fifteen year's incarceration for possession of marijuana with intent to deliver are beyond the maximum punishment allowed by statute.

The relevant part of Rule 26.1 of the Arkansas Rules of Criminal Procedure upon which appellant relies states the following with respect to plea withdrawal:

> (a) A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

> (b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

. . . .

(iv) he or she did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or

(v) he or she did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial court had indicated its concurrence and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea.

Ark. R. Crim. P. 26.1; *Folk v. State*, 96 Ark. App. 73, 238 S.W.3d 640 (2006).

Appellant entered pleas of guilty pursuant to a negotiated plea agreement on December 7, 2005. At that hearing, the trial court told the appellant that he would accept the State's recommendation for sentencing if appellant appeared for the sentencing, but that if appellant failed to appear without a good excuse, the court would not be bound by the recommendation. He repeated the condition that appellant was required to be present at the sentencing hearing as a fulfillment of appellant's part of the bargain:

> COURT: Mr. Lewis, I am going to accept your pleas of guilty. I am going to find each of the pleas to have been voluntarily, intelligently, and knowingly made. It has been requested, and I am going to accede to that request, that sentencing be deferred in this case to February 6, 2006, at 1:00 p.m. in Stuttgart, at which time I will sentence you in accord with the sentence recommendation. Now, I am sure that Mr. Barrett [appellant's counsel] has explained to you that if for any reason you do not show up for sentencing as scheduled on February 6, 2006, and if you do not have a very, very good reason for not showing up, having already accepted your pleas of guilty to charges, I will consider myself to be free to sentence you to any term of years that I could sentence you to if you had simply entered pleas of guilty with no recommended sentence. Do you understand that?
>
> APPELLANT: Yes, Sir.

COURT: And, likewise, I believe that if you did not show and there was no good reason for your absence, that Mr. Dittrich [the prosecutor] would certainly file the . . . well, he won't nolle prosse those charges until the sentencing is complete. So, as long as you understand that we will defer the sentencing until February 6, at 1:00 p.m., at which time I will follow the recommendation and sentence you in accordance therewith, provided you hold up your end of the bargain.

APPELLANT: Yes, sir.

Appellant did not appear at his sentencing hearing and evaded authorities for five months before being apprehended and returned for sentencing. When he was returned for sentencing, the court reiterated to appellant that appellant's compliance with the court's express condition that appellant return for the scheduled sentencing hearing was the determining factor as to whether appellant received the recommended sentence. Pursuant to the agreement, because appellant failed to appear at the scheduled sentencing hearing without reasonable excuse, the court was not bound to the recommendation. Appellant asked to withdraw his plea. The trial court refused his request noting that appellant's appearance at the sentencing hearing was exactly the condition upon which acceptance of the sentence recommendation was prefaced.

The plea agreement recommended a sentence of 360 months with many of the charges nol prossed. Instead, the trial court sentenced him for offenses charged in two separate cases in the Arkansas County Circuit Court as follows. In No. CR 2004-250 he was sentenced to a term of 900 months in the Arkansas Department of Correction. This was broken down into 180 months (presumptive 42) for possession of marijuana with intent to deliver and 720 months (presumptive 160) for possession of cocaine with intent to deliver. In No. 2005-55 he was sentenced to a term of 864 months. This was broken down into 720 months (presumptive 120) for possession of cocaine with intent to deliver; 72 months (presumptive 54) for battery II; 72 months (presumptive 54) for a second count of battery II; and 720 months (120 presumptive) for possession of cocaine with intent to deliver. The judgment and commitment orders were attached thereto. The 2005 charges indicate a criminal history of 3 while the 2004 indicates a level 4. The orders indicate that some of the sentences are a departure, but each one contains a "N/A" in response to the

query of whether the defendant was charged as an habitual offender. The State supplemented the addendum by adding two departure reports as to why the sentences should be increased.

Appellant first argues that the trial court erred by not allowing appellant to withdraw his guilty plea when he did not receive the sentence he negotiated after the court accepted the plea and recommendation. Under the facts of this case, the trial court accepted the plea agreement with the express condition that appellant appear for the sentencing hearing which had been continued by request to February 6, 2005. Appellant knew that the acceptance of the plea agreement included the condition that he appear at that time; nevertheless, he chose to not attend the scheduled sentencing hearing, nor did he provide an explanation for his failure to appear. The trial court had specifically cautioned appellant that if he did not appear for the hearing the judge would be free to sentence him as if no recommendation had been made.

In essence, the condition to appear at the sentencing hearing was a requirement of the bargain in the negotiated plea. The trial judge admonished the defendant: "I accept the sentencing recommendation; however, if you fail to appear for the sentencing I will sentence you as if there were no recommendation." Appellant failed to perform his duty under the agreement in order to receive the agreed upon sentence. Put another way, the trial court did announce to appellant that he would accept the recommended sentence *only* if appellant returned for his scheduled sentencing. If appellant wished to preserve his right to a jury trial because he was unwilling to accept the trial court's condition that he appear for his scheduled sentencing, he could certainly have withdrawn his plea at that time.

The State analogizes this situation to the one in *Folk v. State*, 96 Ark. App. 73, 238 S.W.3d 640 (2006). In *Folk*, the State and Folk reached a plea agreement whereby Folk would quickly pay restitution to a bank and serve a five-year sentence. The court agreed to postpone sentencing until Folk had paid the money, and Folk's attorney stated that Folk could withdraw the plea if the court did not accept the State's recommendation. Folk then entered a no-contest plea and signed a plea statement in which he acknowledged that the court was not required to accept either the plea or the sentencing recommendation. *Id.* at 74, 238 S.W.3d at 641. The trial court accepted the plea and urged Folk to pay the restitution promptly. When Folk returned to court over a month later, he requested a new attorney. The court told Folk that it had

found him guilty based on his plea, but Folk's attorney explained that Folk had not been able to garner the money to pay the restitution and wanted to suggest another sentence. The judge did not allow Folk to withdraw his plea, but postponed sentencing to allow Folk time to find another attorney. Folk ultimately was sentenced by a jury and he did not object to the sentence or to the proceeding. On appeal, he argued that the trial court abused its discretion by not allowing him to withdraw his plea under Ark. R. Crim. P. 26.1. *Id.* at 75, 238 S.W.3d at 641.

This court rejected Folk's argument that Rule 26.1 gave him an absolute right to withdraw his plea based on the colloquy at the time that Folk entered his plea. The court further rejected Folk's assertion that his own failure to timely pay the restitution entitled him to withdraw his plea, specifically holding that he had not shown that he did not receive the benefit of his bargain. The court noted that neither the trial court nor the prosecutor had any control over Folk's ability to pay the restitution, so there was no manifest injustice under Rule 26.1. *See also Ellis v. State*, 288 Ark. 186, 703 S.W.2d 452 (1986) (holding the fact that circumstances beyond the control of the trial court and prosecutor prevent a defendant from getting the benefit of sentence concessions does not constitute "manifest injustice" allowing plea withdrawal where court did everything it could to persuade federal authorities to accept defendant to begin serving ten year federal sentence and receive credit for time served against ten year state sentence, but federal authorities refused acceptance).

· Similarly, in this case neither the judge nor the prosecutor had any control over whether appellant appeared for sentencing as scheduled. The trial court told appellant that if he failed to appear for the sentencing hearing, as he was being set at liberty until the date of the hearing, that the court would not be bound to the recommendation but would be free to impose a sentence as if no agreement had been made. Appellant argues that when the trial court required appellant to appear at the sentencing hearing that the judge became an active participant in the plea negotiation. He claims that this "last second" addition to the agreement by the judge "is simply not binding" on appellant and argues that appellant "was in no position to say no and reject the additional conditions added by the trial court at the conclusion of the plea hearing on December 7, 2005."

I agree that appellant was in no position to reject the trial court's condition that he appear at the sentencing hearing. Appel-

lant's failure to appear at his own sentencing hearing constitutes a separate felony charge. Arkansas Code Annotated § 5-54-120 provides in relevant part:

> (a) A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been:
>
> (1) Cited or summonsed as an accused; or
>
> (2) Lawfully set at liberty upon condition that he or she appear at a specified time, place, and court.
>
> (b) Failure to appear is a Class C felony if the required appearance was to answer a charge of felony or for disposition of any felony charge either before or after a determination of guilt of the felony charge.

Ark. Code Ann. § 5-54-120 (Repl. 2005).

Contrary to appellant's argument that the judge's requirement that appellant appear for his sentencing hearing was "simply not binding" upon appellant, the duty to appear on the sentencing day was a duty imposed by law. The trial court's comments explained to appellant that duty and ensured that appellant understood both his legal duty and the effect that appellant's failure to appear would have on the sentencing by the court.

It is important to note that, in the case before us, the trial court's statements regarding sentencing were prospective in nature. The sentencing had been postponed by request to a proceeding separate and apart from the acceptance of the plea. This situation is unlike the circumstances of the sentencing in *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). In *Bradford*, the trial court concurred with the plea agreement and pronounced sentence in the first sentencing hearing on February 25, 2002, in accordance with the terms of that agreement. Subsequently, the trial court *sua sponte* ordered Bradford's appearance at a second re-sentencing hearing. The trial court's issuance of that order indicated that the court intended to change the sentence originally pronounced. Our supreme court held that it was clear that the trial court did not advise Bradford of his right to either affirm or withdraw his plea, or call upon him in open court to do so at the second sentencing hearing held on March 7, 2002. Under those

circumstances, where the trial court first imposed the agreed sentence, but then changed its position and re-sentenced the defendant, the trial court was required to advise the defendant of his right to either affirm or withdraw his guilty plea. *See Bradford,* 351 Ark. at 402, 94 S.W.3d at 909 (2003).

Although appellant does not rely upon *Bradford* in his argument, he does cite to Arkansas Rule of Criminal Procedure 25.3(b), relied upon in the *Bradford* analysis. The rule provides in relevant part:

> (a) The judge shall not participate in plea discussions.
>
> (b) If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition. If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.

Arkansas Rules of Criminal Procedure, Rule 25.3.

While the trial court in this case accepted the plea and stated that it intended to impose either the agreed plea sentence at the sentencing hearing if appellant appeared as scheduled or be free to impose any lawful sentence if defendant failed to appear for the sentencing hearing, the trial court did not sentence appellant at that time. Appellant was fully advised by the court when the judge accepted his plea that his failure to appear at the sentencing hearing would result in the imposition of any lawful sentence and that the court would not be bound to the lesser sentence. Subsequent to the court's admonition and explanation, appellant had the duty to either affirm or withdraw his guilty pleas. He affirmed and stated, "Yes, sir."

While the majority cites *Williams v. State,* 272 Ark. 207, 613 S.W.3d 94 (1981), to support its disposition of this case, the reasoning in *Williams* actually supports affirming the trial court's

decision. The majority reasons that *Williams* and the case before us are distinguished only by the fact that the State withdrew the sentence recommendation in *Williams*, while the trial court in this case *sua sponte* deviated from the terms of the plea agreement entered by Lewis. The majority's conclusion ignores our supreme court's following statement in *Williams*: "At this time the prosecuting attorney withdrew his recommended 30-year suspended sentence although *appellant had fulfilled the conditions agreed upon at the time the plea of guilty was entered and accepted by the court.*" *Williams*, 272 Ark. at 208, 613 S.W.3d at 95. (Emphasis added.) In *Williams*, the defendant had completed all the conditions agreed upon at the time the plea was entered and accepted by the court. The conditions agreed upon at the time of the plea agreement required the defendant to provide truthful information about another crime. While the defendant failed to appear at the sentencing hearing, his appearance was not an agreed condition for acceptance of the plea. In the case before us, appellant failed to fulfill the express condition that he appear at the sentencing hearing. Accordingly, we should find no error in the trial court's refusal to allow appellant to withdraw his plea.

Neither should we find error with the trial court's departure from the sentencing grid. Appellant urges us to find that the trial court's sentencing went beyond the statutory maximum and that we must reverse the illegal sentences. Contrary to appellant's assertions, the sentences are neither void nor illegal.

Sentencing for drug offenses in Arkansas is not governed by the ranges established for other offenses in § 5-4-401, but by ranges set forth in Ark. Code Ann. § 5-64-401 (Repl. 2005). Appellant was sentenced pursuant to the enhancement in Ark. Code Ann. § 5-64-408(a) (Repl. 2005) which provides:

> Any person convicted of a second or subsequent offense under this chapter shall be imprisoned for term up to twice the term otherwise authorized, fined an amount up to twice the otherwise authorized, or both.

At the sentencing hearing, the judge specifically stated that he was aware of appellant's prior drug convictions in two 1994 cases from the Arkansas County Circuit Court. Appellant did not dispute that finding, nor did he object to the applicability of section 5-64-408(a) allowing sentencing enhancements for drug offenses. Neither did appellant dispute the departure reports indi-

cating that departure from the range was warranted because of the following factors: (1) that three or more separate transactions involved the sale, transfer or possession with intent; (2) that the offense involved a high degree of planning or lengthy period or broad geographic area; (3) that the offender occupied a high position in the drug distribution hierarchy; and (4) that the offender had received substantial income or resources from the drug trafficking. Any defect in the departure form should have first been raised to the trial court for consideration and possible correction. The departure form is in the record and according to Arkansas Code Annotated § 16-90-804(a)(3) was required to be attached to the judgment and commitment form. We have no doubt that defense counsel had either received the form or easily could have availed himself of it and, hence, had ample time to broach any deficiency to the trial court. *See Woods v. State,* 323 Ark. 605, 611, 916 S.W.2d 728, 731-32 (1996).

In addition, the guilty plea statement clearly put appellant on notice that the sentencing range was from ten to eighty years' imprisonment for the cocaine charge. This range is consistent with the sentencing range of ten to forty years' imprisonment for a Class Y felony in Ark. Code Ann. § 5-64-401(a)(1)(A)(I), with the upper sentencing limit doubled under § 5-64-408(a). His sentence of sixty (60) years' imprisonment, thus, falls within the range allowed by § 5-64-408(a). Appellant signed the plea statement acknowledging that he could receive up to eighty (80) years for the cocaine charges contained in that information. His sentences of sixty (60) years on those counts is within the range allowed by the enhancement and, thus, are legal. Likewise, the normal sentencing range for possession of marijuana, a Schedule VI controlled substance, as a Class C felony is not less than four and no more than ten years' imprisonment. The enhancement allows for a twenty year maximum for a subsequent offense. Appellant only received a sentence of fifteen years for the possession of marijuana with intent to deliver charge, again, well within the appropriate range.

Appellant argues that proof of prior convictions, both felony and misdemeanor, and proof of juvenile adjudications shall follow the procedures outlined in Arkansas Code Annotated § 5-4-202 through 5-4-504. *See* Ark. Code Ann. § 16-97-104. These statutes address the imposition of sentences for habitual offenders. The judgment and commitment orders specifically identify that appellant was not sentenced as an habitual offender. Given that appellant

was not sentenced as an habitual offender, we should find no merit to his argument and affirm on all points.

Accordingly, I dissent.

HEFFLEY, J., joins.