Charles Edward RAY *v.* STATE of Arkansas

CR 96-473                                    941 S.W.2d 427

Supreme Court of Arkansas
Opinion delivered April 21, 1997

*Andrew L. Clark*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Charles Edward Ray pleaded guilty to, and was convicted of, simultaneous possession of drugs and a firearm, Ark. Code Ann. § 5-74-106 (Repl. 1993), possession of drug paraphernalia with the intent to use it, § 5-64-403 (Repl. 1993), and possession of a controlled substance, § 5-64-401 (Repl. 1993). He has appealed the conviction of violating § 5-74-106, a part of "The Arkansas Criminal Gang Organization or Enterprise Act," for simultaneous possession of drugs and a firearm. He contends that his activities did not fall within the purview of the statute and that the law is unconstitutionally vague. As Mr. Ray has not satisfied the conditions for the limited exception we make to our rule disallowing appeals from guilty-plea proceedings, we must dismiss the appeal.

■ Arkansas R. App. P.—Crim. 1(a) provides, in part, "Except as provided by Ark. R. Crim. P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." Arkansas R. Crim. P. 24.3 provides, in relevant part:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Other than an appeal from a sentence imposed by a jury after a plea of guilty, *see Hill v. State,* 318 Ark. 408, 887 S.W.2d 275 (1994), Rule 24.3(b) provides the only procedure for an appeal from a conviction based on a guilty plea. *Payne v. State,* 327 Ark. 25, 937 S.W.2d 160 (1997); *Tabor v. State,* 326 Ark. 51, 930 S.W.2d 319 (1996).

In his statement of the case, Mr. Ray writes that his plea was a "conditional" plea. We find nothing in the record to support that statement. The plea agreement signed by Mr. Ray, his counsel, and the deputy prosecutor simply states Mr. Ray's decision to plead guilty, his acknowledgment of the rights he is waiving, the

offenses to which the plea applies, and the agreed recommendation of punishment of ten years' imprisonment.

Absent compliance with the express terms of Rule 24.3(b), we acquire no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea. *Tabor v. State, supra; Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995).

Appeal dismissed.