Daron Ray BARNETT *v.* STATE of Arkansas

CR 98-826

984 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*J. Eric Hagler,* for appellant.

*Winston Bryant,* Att'y Gen., by: *O. Milton Fine II,* Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. The State petitioned this court to review the decision of the Arkansas Court of Appeals denying its motion to dismiss this appeal for failure to comply with the express provisions of A.R.Cr.P. Rule 24.3(b). We granted review on September 10, 1998, pursuant to Ark. Sup.

Ct. R. 1-2(e). We find merit to the State's motion, and we dismiss the appeal.

The record reveals that Appellant Daron Ray Barnett was arrested and charged with thirteen counts of residential burglary, one count of theft of property, and one count of theft by receiving, all of which occurred between April 1995 and October 1996. Appellant filed a motion to suppress the evidence obtained from his residence with three different search warrants. The Drew County Circuit Court granted his suppression motion with regard to the evidence obtained with the first search warrant, but denied suppression as to the remaining two warrants.

On January 5, 1998, Appellant pleaded guilty to the charges and was sentenced to a total of fifteen years' imprisonment. Also on January 5, 1998, Appellant filed a notice of appeal. The judgment and commitment order was filed the following day, January 6, 1998. Recognizing that the notice of appeal was invalid because it was filed prior to entry of the judgment and commitment order, defense counsel filed a second notice of appeal on January 13, 1998. On January 20, 1998, a corrected judgment and commitment order was filed of record, and a subsequent notice of appeal was filed on January 28, 1998. Unlike the January 5 notice, which did not contain any reference to a conditional plea, both the January 13 and January 28 notices of appeal reflect that Appellant was appealing "pursuant to a conditional plea of guilty (See A.R.Cr.P. Rule 24.3(b)."

Appellant filed the transcript of this case in the court of appeals on February 9, 1998. On June 2, 1998, the State filed a motion to dismiss the appeal on the ground that the requirements of Rule 24.3(b) were not met and that, therefore, the court of appeals lacked jurisdiction to hear the appeal. The court of appeals denied the State's motion on June 24, 1998. The issue for our review is whether Appellant reserved in writing his right to appeal the suppression issue under the strict requirements of Rule 24.3(b). We conclude that he did not.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction. *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998). When, however, a defendant enters

a conditional plea pursuant to Rule 24.3(b), he or she may retain the right to appeal an adverse suppression ruling. *Id. See also* Ark. R. App. P.—Crim. 1(a). Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Other than an appeal from a sentence imposed by a jury after a guilty plea, Rule 24.3(b) provides the only procedure for an appeal from a plea of guilty. *Ray v. State*, 328 Ark. 176, 941 S.W.2d 427 (1997).

This court has interpreted Rule 24.3(b) to require strict compliance with the requirement that the right to appeal be reserved in writing; otherwise, the appellate court does not obtain jurisdiction. *Green*, 334 Ark. 484, 978 S.W.2d 300 (citing *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996); *Burress v. State*, 321 Ark. 329, 902 S.W.2d 225 (1995); *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993)). This is true even when there has been an attempt to enter a conditional plea below. *Ray*, 328 Ark. 176, 941 S.W.2d 427. This court has further interpreted Rule 24.3(b) to require that there be a *contemporaneous* writing by the defendant reserving his or her right to appeal. *Tabor*, 326 Ark. 51, 930 S.W.2d 319. There must also be an indication that the conditional guilty plea was entered with the approval of the trial court and the consent of the prosecuting attorney. *Noble*, 314 Ark. 240, 862 S.W.2d 234.

In the present case, there are two plea statements contained in the record, both of which were filed on January 6, 1998. The first plea statement bears the typed heading "GUILTY PLEA STATEMENT," with the handwritten word "conditional" above the heading and the handwritten words "per Rule 24.3(b)" beside the heading. The statement is signed by Appellant and defense

counsel, and it reflects the date of January 5, 1998, next to Appellant's signature.

The second plea statement, which was subsequently added to the appellate record[1], bears the typed heading "STATEMENT OF CONDITIONAL PLEA OF GUILTY." This plea statement reflects in pertinent part:

> I, the undersigned defendant, do hereby state as follows:
>
> That I am hereby offering a plea of guilty to the following enumerated charges, expressly *conditioned* upon my right to appeal the adverse determination of the suppression hearing had in the above-styled causes of action pursuant to A.R.Cr.P. Rule 24.3(b). With the understanding that my change of plea is conditioned upon my right to appeal to the Arkansas Supreme Court and/or the Arkansas Court of Appeals, I hereby change my plea to one of guilty to the charges enumerated herein.

This statement is signed by Appellant, defense counsel, and the prosecuting attorney, but there is no indication as to when it was signed. The only date contained on the face of the plea statement is the date that it was filed, January 6, 1998.

[redacted] The first plea statement does not evince strict compliance with the requirements of Rule 24.3(b) for two reasons. First, it does not purport to reserve any right to appeal. To the contrary, the statement reflects that Appellant understood that if he pleaded guilty, he would give up various legal rights, including his "right to appeal a verdict against [him] to a higher court for review for possible error made against [him]." The situation here is thus unlike that in *Green*, 334 Ark. at 489, 978 S.W.2d at 302, wherein this court held that the requirements of Rule 24.3(b) had been met where the handwritten word "conditional" appeared above the typed heading "PLEA STATEMENT," which was signed by the appellant, *and* where that portion of the plea statement acknowledging waiver of the right to appeal was crossed out

---

[1] Appellant filed a petition for writ of certiorari to complete the record on June 10, 1998, asserting that this document had been omitted from the record due to an error by the circuit clerk. The State did not object, and the court of appeals granted the petition on June 24, 1998.

and initialed by the appellant. Second, this plea statement fails to demonstrate that the trial court approved a conditional plea, or that the prosecuting attorney consented to a conditional plea. Rule 24.3(b) expressly provides that the conditional plea be entered "[w]ith the approval of the court and the consent of the prosecuting attorney." *See also Noble*, 314 Ark. 240, 862 S.W.2d 234.

The second plea statement also fails to strictly comply with Rule 24.3(b) in that it is devoid of any reference to the trial court's approval of a conditional guilty plea. The fact that the signature of the prosecuting attorney is present does not cure this defect; Rule 24.3(b) requires both the consent of the prosecuting attorney and the approval of the trial court. Additionally, despite the fact that this plea statement reflects Appellant's intent to reserve his right to appeal, it does not strictly comply with Rule 24.3(b) because there is no indication that it was entered contemporaneously with his guilty plea. *See Tabor*, 326 Ark. 51, 930 S.W.2d 319. Rather, the record reflects that Appellant entered his guilty plea on January 5, 1998; however, the only date on this plea statement is the date that it was filed, January 6, 1998. A signed plea statement entered after the guilty plea is not a contemporaneous writing and thus does not demonstrate strict compliance with Rule 24.3(b).

Also significant in this case is the fact that neither the January 6 nor the January 20 judgment and commitment order makes any reference to Appellant's guilty plea being conditioned upon his right to appeal the suppression issue. Instead, both orders reflect that Appellant was advised of the nature of the charges against him, his constitutional and legal rights, and the effect of a guilty plea upon those rights. They also reflect that Appellant "voluntarily, intelligently, and knowingly entered a negotiated plea of guilty." These orders are thus inconsistent with Appellant's assertion that he entered a conditional guilty plea. Accordingly, we conclude that the requirements of Rule 24.3(b) were not strictly complied with and that, therefore, the appeal must be dismissed for lack of jurisdiction.