Jeff BRISTOW and Dana Bradford *v.* STATE of Arkansas

CA CR 02-1109                  119 S.W.3d 527

Court of Appeals of Arkansas
Division III
Opinion delivered May 14, 2003

*Wayne Emmons*; and *Bart Ziegenhorn*, for appellants.

*Mike Bebee*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. After the trial court's denial of their motions to suppress, appellants, Jeff Bristow and Dana Bradford, purportedly entered conditional pleas of guilty pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure. Bristow pleaded guilty to manufacture of a controlled substance, methamphetamine; he was sentenced to eight years in the Arkansas Department of Correction, to be followed by a ten-year suspended imposition of sentence. Bradford pleaded guilty to possession of a controlled substance, methamphetamine, and she was sentenced to five years' probation. Appellants' sole point on appeal is that the trial court erred in denying their motions to suppress. We hold that the appeal must be dismissed because the appellants failed to properly preserve their right to appeal pursuant to a conditional plea under Rule 24.3(b), and this court therefore does not have jurisdiction to hear the appeal.

Rule 24.3(b) of the Arkansas Rules of Criminal procedure provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

In *McCormick v. State*, 74 Ark. App. 349, 354, 48 S.W.3d 549, 552 (2001) (substituted opinion on grant of reh'g), this court held:

> When Rule 24.3(b) is not strictly complied with, this court lacks jurisdiction to hear an appeal, even when the record reveals that the trial court attempted to enter a conditional plea. It has previously been held that Rule 24.3(b) requires a contemporaneous writing by the defendant, as well as proof that the conditional plea was approved by the trial court with the consent of the prosecuting attorney.

(Citations omitted.)

The addendum contains documents signed by both appellants entitled "Guilty Plea Statement" with the word "Conditional" handwritten above those words. Their attorney also signed these documents; however, the prosecuting attorney's office did not sign these documents. Both of the judgment and commitment orders also indicate a conditional plea of guilty, but there is no indication in those documents that the prosecutor approved of the conditional-plea agreements.

■ In *McCormick, supra,* this court originally dismissed the appellant's appeal for lack of jurisdiction on the basis that there was no consent from the prosecutor when her only involvement in the proceeding appeared to be her recommendation of a sentence and her opinion on an appeal bond. On grant of rehearing, this court held that assent was manifested by the prosecutor by appearing in court and acquiescing to the entry of the negotiated-plea agreement, and to hold otherwise "would be to give the State the benefit of the bargain while simultaneously relieving it of its obligation to consent." *Id.* at 355, 48 S.W.3d at 552.

■ The present case is distinguishable from *McCormick.* Here, the only hearing contained in the record is the one on the motions to suppress the evidence found pursuant to the search warrant. There is no transcript in the record of a sentencing hearing; therefore, unlike in *McCormick,* this court cannot know if the prosecutor was present at sentencing or not. Inasmuch as the conditional-guilty pleas are not signed by the prosecutor, and we have no record before us that indicates acquiescence by the prosecutor to a conditional plea, we must dismiss appellants' appeal for lack of jurisdiction due to the precedent mandating that we strictly construe the requirements of Rule 24.3(b).

Appeal dismissed.

ROBBINS and CRABTREE, JJ., agree.