Richard BERRY *v.* CITY of FAYETTEVILLE

CR 03-381                                    125 S.W.3d 171

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellant.

*Kit Williams*, for appellee.

Jim Hannah, Justice. This case presents an appeal from a conditional plea of guilty under Ark. R. Crim. P. 24.3(b) (2003). Richard Berry submitted a guilty plea in Washington County Circuit Court conditioned on this court affirming the trial court's decision that the City of Fayetteville (City) has the authority to regulate his racing activities and the trial court's decision that Fayetteville City Ordinance 4366 is constitutional. Because Ark. R. Crim. P. 24.3(b) limits review on conditional pleas of guilty to adverse determinations of pretrial motions to suppress illegally obtained evidence, this court lacks jurisdiction to hear this appeal.

## *Ark. R. Crim. P. 24.3(b) and Jurisdiction*

When the trial court announced its decision to deny Berry's motion to dismiss, Berry attempted to enter a conditional plea of guilty to obtain review of that decision in this court. The general rule is that a defendant waives the right to appeal when he or she pleads guilty. Ark. Code Ann. § 16-91-101(C)(1987); Ark. R. App. P. — Crim. 1(a) (2003); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999). Arkansas Rule of Criminal Procedure 24.3(b) provides the only exception to this rule. *Barnett, supra*; *Ray v. State*, 328 Ark. 176, 941 S.W.2d 427 (1997). Rule 24.3(b) provides:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the

judgment, to *review of an adverse determination of a pretrial motion to suppress evidence.* If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Ark. R. Crim. P. 24.3(b) (2003)(emphasis added).[1] By the terms of Ark. R. Crim. P. 24.3(b), conditional pleas, and the accompanying right to appeal, are limited to an adverse determination on a pretrial motion to suppress evidence.

■ In *Payne v. State*, 327 Ark. 25, 937 S.W.2d 160 (1997), we discussed the limitation of Ark. R. Crim. P. 24.3(b) to review of decisions on pretrial motions to suppress illegal evidence:

> This court has interpreted the highlighted language of Rule 24.3(b) to permit review of conditional guilty pleas solely with respect to adverse rulings on motions to suppress illegally obtained evidence. *See, e.g., Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993) (dismissing appeal containing statute of limitations and speedy-trial arguments); *Pickett v. State*, 301 Ark. 345, 783 S.W.2d 854 (1990); *Jenkins v. State*, 301 Ark. 20, 781 S.W.2d 461 (1989).

*Payne*, 327 Ark. at 27-8.

Berry attempts to obtain review of the trial court's decision that Fayetteville City Ordinance 4366 could be enforced against his activities at the Thunder Valley Speedway, and the trial court's decision finding Ordinance 4366 was not unconstitutional. Neither of these issues involves a motion to suppress illegally obtained evidence. Therefore, Berry's reliance on Rule 24.3(b) is misplaced.

■ In the absence of compliance with the express terms of Rule 24.3(b), we acquire no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea. *Ray, supra*; *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995).

---

[1] Rule 24.3(b) was amended in an October 2, 2003 *per curiam* opinion to clarify that a criminal defendant may reserve the right to appeal following an adverse determination on a motion to suppress a custodial statement as well as a motion to suppress seized evidence.

In *Pickett v. State*, 301 Ark. 345, 783 S.W.2d 854 (1990), an appellant sought review of a decision of the trial court on the admissibility of evidence rather than the denial of a motion to suppress illegally obtained evidence. We held that this court acquired no jurisdiction and dismissed the appeal. Where the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea. *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996); *Bilderback, supra.*

Appeal dismissed.