## Jeffrey WEBB *v.* STATE of Arkansas

CA CR 05-773                                          228 S.W.3d 527

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Louis L. Loyd*, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Jeffrey Webb appeals from the entry of his conditional guilty plea, arguing that the trial court should have suppressed the evidence of his possession of drug paraphernalia because no valid consent to search was given and because the search exceeded the scope of the officers' authority to conduct a "civil standby" to allow his wife to retrieve her personal belongings. We dismiss the appeal because appellant does not appeal from the judgment and conviction order that was entered based on his conditional guilty plea.

The search in this case occurred on March 9, 2004, after appellant's estranged wife, Jamie Webb, requested the officers to accompany her to appellant's residence to retrieve her personal belongings, a procedure referred to as a "civil standby." Mrs. Webb gave police officers consent to search the home. While Mrs. Webb was searching for her belongings, she found a box under the kitchen table that contained items consistent with the manufacture

of methamphetamine. Based on the contents of this box, appellant was charged with attempt to manufacture methamphetamine and possession of drug paraphernalia with intent to manufacture methamphetamine.

Appellant filed a motion to suppress the evidence seized, arguing, *inter alia*, that Mrs. Webb had no authority to consent to the search. After a hearing, the trial court denied the motion. On March 16, 2005, appellant pleaded guilty to one count of possession of drug paraphernalia, in exchange for a five-year probationary sentence, a fine, and costs. He reserved his right to appeal from the guilty plea. He subsequently filed a notice of appeal, which expressly states that he appeals "from his Conditional Plea Agreement entered on March 16, 2005."

We dismiss the appeal because appellant's failure to appeal from the judgment and conviction order entered pursuant to his guilty plea has deprived our court of jurisdiction to decide his appeal. Arkansas Rule of Criminal Procedure 24.3(b) reserves the right of a defendant who enters a conditional guilty plea to appeal the adverse determination of a pretrial motion to suppress, if the defendant appeals from the *judgment* entered pursuant to the conditional guilty plea. Here, however, appellant does not appeal from the judgment and conviction order encompassing his plea agreement. Rather, he appeals "from his Conditional Plea Agreement entered on March 16, 2005." That is, appellant appeals from the plea agreement itself, which is insufficient under Rule 24.3 to grant this court jurisdiction to hear his appeal.

In *Hill v. State*, 363 Ark. 505, 215 S.W.3d 586, CACR 05-96 (2005), also a conditional-guilty-plea case, the Arkansas Supreme Court dismissed an appeal from the order denying the defendant's motion to suppress on the ground that the defendant failed to appeal from the judgment encompassing his guilty plea. *See also McDonald v. State*, 354 Ark. 680, 124 S.W.3d 438 (2003). Likewise here, appellant does not appeal from the judgment but from his conditional guilty plea. In fact, we found no judgment and conviction order in the record indicating that a judgment had been entered pursuant to appellant's plea agreement.

The State does not challenge the propriety of the appeal, but this issue is one of jurisdiction, which this court may raise, *sua sponte*. *Hill v. State*, 81 Ark. App. 178, 10 S.W.3d 84 (2003). Based

on the authorities noted herein, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

VAUGHT and BAKER, JJ., agree.