Thomas WATERS *v.* STATE of Arkansas

CA CR 07-760                                        279 S.W.3d 493

Court of Appeals of Arkansas
Opinion delivered March 12, 2008

*B. Dale West,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Following the Faulkner County Circuit Court's denial of his motion to suppress, appellant Thomas Waters entered what he intended to be a conditional plea of guilty and was sentenced to 150 months' imprisonment in the Arkansas Department of Correction for possession of a controlled substance with intent to deliver, possession of controlled substances in a drug-free zone, and possession of drug paraphernalia. Appellant appeals, raising two points: 1) the trial court erred in finding

probable cause to issue the search warrant; and 2) the trial court erred in finding that the good-faith exception applied. We hold that appellant failed to strictly comply with Ark. R. Crim. P. 24.3(b), thus depriving this court of jurisdiction, and we dismiss the appeal.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction. *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998). For relevant purposes before us, only a conditional plea pursuant to Rule 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling. Ark. R. App. P.–Crim. 1(a) (2002); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999).

Arkansas Rule of Criminal Procedure 24.3(b) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Our supreme court has interpreted Rule 24.3(b) to require strict compliance with the requirement that the right to appeal be reserved in writing. *Barnett v. State, supra*. This is so even when there has been an attempt to enter a conditional plea below. *Ray v. State*, 328 Ark. 176, 941 S.W.2d 427 (1997). In addition, the writing must be contemporaneous with the defendant reserving his or her right to appeal. *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996). We also look for an indication that the conditional plea was entered with the approval of the trial court and the consent of the prosecuting attorney. *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993).

### Jurisdiction

The State argues that this court lacks jurisdiction to hear this appeal because appellant failed to strictly comply with Rule 24.3(b). We agree. On February 27, 2007, appellant and his attorney signed a form guilty-plea statement on which the word "conditional" was written in several places, including on the title of the document. Appellant's rights were listed under section five of the form, and included subsections (a) through (h). Subsection (5)(f) states, "I understand that I have the following rights: (f) The

right of appeal with an attorney to represent me." Section six states, "I understand that if I plead guilty I give up and waive all my rights, and if the [conditional] plea is accepted by the Court, it cannot be changed nor the punishment reduced." Appellant wrote in the word "conditional" in section six as indicated. The State points out that the portion of the sentence in which appellant declared that he would waive all of his rights was not changed and contained nothing to reflect his assertion that he intended to retain his right to appeal the trial court's denial of his suppression motion. Finally, section ten states, "I hereby plead guilty to having committed the above stated crime(s), and understand by doing so I give up all my rights." Again, this section was not altered by appellant.

■ This court dismissed the appeal in *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003), for this exact reason. There, this court determined that Hill, even though he had written in the word "conditional" at the top of the guilty-plea form and had marked out item (f) of the form to the point that it was illegible, did not preserve his right to appeal. This court held:

> [W]e hold that appellant failed to strictly comply with Rule 24.3(b). The document does not specifically state that appellant reserves his right to appeal the outcome of the suppression hearing. Rather, the document contains language to the effect that if he pleads guilty, he gives up and waives all his rights. Moreover, the document fails to demonstrate that the trial court approved a conditional plea. Therefore, we lack jurisdiction and dismiss the appeal.

*Id.*, 81 Ark. App. at 184, 100 S.W.3d at 88. Here, as in *Hill*, the form clearly states that appellant had waived all of his rights, without excluding his right to appeal from the list of waived rights. Because appellant did not comply with Rule 24.3(b), this court lacks jurisdiction to hear his appeal.

Dismissed.

VAUGHT, J., agrees.

GLOVER, J., concurs.

D AVID M. GLOVER, Judge, concurring. I concur in the outcome of this case because existing case law appears to leave us no room to decide otherwise. These are the same words chosen by Judge Wendell L. Griffen in his 2003 concurrence in a case involving a similarly unsuccessful attempt to enter a conditional guilty

plea under Arkansas Rules of Criminal Procedure Rule 24.3(b).[1] His suggestion then was for a model form that trial courts, prosecutors, and defense counsel can use when defendants indicate that they want to enter conditional guilty pleas.

This case again vividly illustrates why such a uniform conditional guilty plea form should be adopted. I suggest that this issue is worthy of consideration by the supreme court's committee on criminal practice. Otherwise we will continue, by mandate, to routinely dismiss cases under Rule 24.3(b) simply because one hoop was not jumped through, even though it is apparent that all parties meant for appellant to enter a conditional plea.

---

[1] *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).