## Michael Justin DRAKE *v.* STATE of Arkansas

CA CR 07-1338                                          286 S.W.3d 728

### Court of Appeals of Arkansas
### Opinion delivered September 3, 2008
[Rehearing denied November 19, 2008.[*]]

*Robert Cortinez, Sr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Michael Justin Drake appeals the Drew County Circuit Court's denial of his motion to withdraw his plea of guilty to three felonies. He contends that the circuit court erred as a matter of law and abused its discretion by refusing to allow him to withdraw the guilty plea. Drake argues that he had an absolute right to withdraw the plea because it had not been accepted by the trial court. He claims alternatively that, even if the court did accept the plea, he was entitled to withdraw it to prevent a manifest injustice. We disagree with both arguments, and we affirm the order of the circuit court.

---

[*] GRIFFEN, J., would grant rehearing.

Drake and codefendant Justin Smith were jointly charged with residential burglary, kidnapping, attempted capital murder, aggravated assault, and felon in possession of a firearm. The State offered Drake a plea bargain, contingent upon truthful testimony by Drake and a second witness, in which the State would nolle pros the assault and firearm charges against him, reduce the attempted capital murder to attempted first-degree murder, and recommend concurrent sentences for the charges as well as ten years' suspended imposition of sentence. The prosecutor proposed taking Drake's guilty plea in open court but withholding sentencing until Smith was tried or entered a plea.

Drake's plea hearing took place on March 19, 2007. He pled guilty to residential burglary, kidnapping, and attempted first-degree murder, and the State recommended concurrent prison terms of fourteen years in exchange for testimony against Smith. On April 4 Drake filed a motion to withdraw his previous guilty plea. On April 5 he invoked his right against self-incrimination, and he declined to testify at Smith's trial; the jury acquitted Smith on all charges. The circuit court denied Drake's motion to withdraw his guilty plea at a hearing later in April, and in June he was sentenced as a habitual offender to consecutive sentences totaling forty years' imprisonment. His appeal arises from the judgment and commitment order entered on June 18, 2007.

Rule 26.1(a) of the Arkansas Rules of Criminal Procedure reads as follows:

> A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.[1]

---

[1] The Reporter's Notes to Rule 26.1 explain changes made to paragraph (a) in 1998 to clarify, in part, when a plea could be withdrawn under the rule:

Drake points to the provision of Rule 26.1(a) that a defendant may withdraw a guilty plea as a matter of right before it has been "accepted by the court." He argues that the phrase requires the circuit court to state on the record in unequivocal terms the court's acceptance of the plea. Noting the absence of "express words" by which the court accepted his plea or found him guilty, he asserts "silent acquiescence" was not enough to show acceptance. He submits, as an issue of first impression, that the rule requires a trial court to indicate acceptance of the plea by affirmative action.

Drake concedes that he found no authority other than rules of construction to support his proposition. The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. *Aikens v. State*, 368 Ark. 641, 249 S.W.3d 788 (2007). Court rules are construed by the same means and canons of construction used in statutory interpretation. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002).

In *Folk v. State*, 96 Ark. App. 73, 238 S.W.3d 640 (2006), a case involving check-kiting charges, the appellant contended that he had the absolute right to withdraw his no-contest plea under Rule 26.1(a) because it was unclear whether the trial court had accepted the plea. The public defender and the prosecutor announced in open court a negotiated plea bargain under which Folk would quickly make restitution to the bank and would serve a five-year term of imprisonment. Despite discussion about waiting a week to accept the plea so that restitution could be paid first, the trial judge said that he would "like to consummate it today." 96 Ark. App. at 74, 238 S.W.3d at 641. The prosecutor asked the court to "let [Folk] plead guilty and sentence him when we get the money," and the public defender said "we can withdraw our guilty plea" should the court not accept the State's recommendation. *Id.* Folk signed a no-contest plea statement acknowledging that the court was not required to accept the plea or the recommended sentence, and the case was set for sentencing. He at-

---

It now provides that prior to acceptance of the plea by the court, the defendant may withdraw his or her plea as a matter of right. After acceptance and before entry of judgment, the court in its discretion may allow a plea withdrawal upon proof that it is necessary to correct a manifest injustice. After entry of the written judgment, the plea may not be withdrawn under this rule. . . .

tempted to withdraw his plea at a review hearing a month later, and his attorney informed the court that Folk's sister had been unable to garner enough funds for full restitution. The judge reminded Folk that the case was set for sentencing because he had entered a plea of no contest upon which the court "made a finding that you were guilty." 96 Ark. App. at 75, 238 S.W.3d at 641.

This court held on appeal that Folk had no absolute right to withdraw his plea because it was in fact accepted at the first hearing. Reviewing the parties' colloquy at that hearing and Folk's subsequent attempt to withdraw his plea, we found that the trial judge "indicated acceptance of the no-contest plea, commenting that he wanted appellant to promptly pay the restitution, which was the compelling interest argued by the State." *Id.* We rejected Folk's alternate argument that the trial court abused its discretion in failing to permit withdrawal of his plea because he did not receive the benefit of his bargain. Citing the inherent unfairness that would result if only one party were bound to a bargain, we held that no "manifest injustice" occurred when Folk received a sentence harsher than the negotiated one because of his failure to pay restitution within the time restrictions. 96 Ark. App. at 77, 238 S.W.3d at 642.

### *Absolute Right to Withdraw a Guilty Plea*

The record of the plea hearing shows that Drake responded affirmatively when the court inquired if the signature on the guilty-plea agreement was his, if he understood his plea, and if he had reviewed it with his attorney. He answered *yes* when the court asked if he understood the State's agreement for deferred sentencing until after his testimony in the companion case, the State's recommendation for fourteen years' actual imprisonment and additional suspended imposition of sentence subject to Drake's truthful testimony in the upcoming trial of his alleged accomplice, and the court's being "in no way" bound by the recommended sentence despite the court's recognition of the State's recommendation. Drake affirmed his understanding that the State made its recommendation in order to secure what it believed to be truthful and favorable testimony in its case against his accomplice. He also affirmed his understanding that he was giving up his rights to remain silent, to have a jury trial, to be presumed innocent until proven guilty beyond a reasonable doubt, to have his lawyer cross-examine witnesses against him, to present his own witnesses, and to testify in his own defense if desired. Under further ques-

tioning by the court, he said that he had not been threatened or pressured to plead guilty, that no promises had been made about receiving the prosecutor's recommended sentence, that he knew the court was not bound by the recommendation, and that he had not relied upon any statement or promise about release dates from prison, probation, or parole eligibility. Then he answered more questions and pled "guilty" to the charges of attempted first-degree murder, residential burglary, and kidnapping. After Drake related to the court his participation in the events that had led to the charges, the court announced that the record was closed.

Drake's subsequent motion to withdraw his guilty plea was taken up by the circuit court at his sentencing hearing. His attorney argued that the record was unclear as to whether or not the court had in fact accepted the negotiated plea and the guilty plea. The State responded that "the court assented to the guilty plea, accepted the guilty plea. There's no magic words needed [that] the court has to incant in order to accept a plea."

In denying Drake's motion to withdraw the guilty plea, the court stated:

> The Court's words stand for themselves. I allowed this defendant to plead guilty in exchange for a recommendation that the State was going to make, provided that the defendant testify reasonably consistently with what he told the Court happened. *I made it clear to the defendant and defense counsel that I would accept the plea* and let him plead guilty but would not be bound by . . . the State's recommendation, and so that's what the Court did and that was clear to everybody, including his very good, seasoned defense attorney. . . . You can call it a negotiated plea, you can not call it a negotiated plea. It was a plea of guilty . . . with the clear admonition that the Court would not be bound by the State's recommendation. Now, that's the Court's ruling.

(Emphasis added.)

While the circuit court did not explicitly state at Drake's plea hearing that it accepted the guilty plea, it is implicit in the colloquy between the court and appellant that the court did so. The court did not allow Drake to enter his plea until questioning him extensively on the record about his understanding of the plea, the circumstances under which it was given, the rights he was relinquishing, and the fact that the court was not bound by the State's recommendation as to sentencing. The record remained

open while Drake recited the factual bases underlying the plea he had entered. The court's above-quoted remarks at the subsequent sentencing hearing, although not necessary to our determination of this issue, further clarify that the court had previously accepted appellant's guilty plea.

■ While we think that an oral pronouncement by the circuit court of its acceptance of appellant's guilty plea would have been more in keeping with its obligation to hear the evidence supporting a guilty plea and to make a judicial determination of whether the plea should be accepted or rejected, Ark. R. Crim. P. 26.1(a) includes no requirement that the court accept a guilty or nolo contendere plea by express words, and we will not read language into a statute or a rule that is not included in it. *See Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473, (2007). We hold that Drake had no absolute right to withdraw his plea under Ark. R. Crim. P. 26.1(a) (2007) because the circuit court had in fact accepted it.

### Withdrawal of Guilty Plea to Correct a Manifest Injustice

■ Drake argues that he should have been allowed to withdraw the plea for two reasons: he did not receive the sentence concessions promised him, and his codefendant's verdict of not guilty means that Drake would serve time in prison for a crime that was not committed. Drake's argument that he did not receive the promised sentencing concession turns on the court's concurrence to the parties' agreement, which did not occur. [2] *See* Ark. R. Crim. P. 26.1(b)(v) (stating that "[w]ithdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if a defendant proves that . . . he or she did not receive the . . . sentence concessions contemplated by a plea agreement in which the trial court had indicated its concurrence"); Ark. R. Crim. P. 25.3(b) (addressing situations where the judge decides that disposition should not include the charge or sentence concessions contemplated by a plea agreement after "the judge has

---

[2] Drake presents a one-sentence argument that the plea agreement placed upon him the impossible burden of insuring a third party's truthful testimony. We do not address this argument because assignments of error, unsupported by convincing argument or pertinent authority, will not be considered on appeal unless it is apparent without further research that they are well taken. *Wilson v. State*, 25 Ark. App. 45, 752 S.W.2d 46 (1988).

indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere"). As for Drake's second argument, our supreme court has clearly stated that a co-defendant's sentence is not relevant to the appellant's guilt, innocence, or punishment. *Baxter v. State*, 324 Ark. 440, 922 S.W.2d 682 (1996). Thus, Drake has presented no convincing argument that he was entitled to withdraw his guilty plea to prevent manifest injustice in this case.

Affirmed.

GLOVER and MARSHALL, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING NOVEMBER 19, 2008

WENDELL L. GRIFFEN, Judge, dissenting. By opinion delivered September 3, 2008, we affirmed the denial of appellant's motion to withdraw his guilty plea, holding that the trial court *implicitly* accepted his guilty plea. Appellant now seeks rehearing of our decision, asserting that the court erred in holding that the trial court accepted his guilty plea. I agree that we erred as a matter of law in holding that a trial court could implicitly accept a guilty plea, thereby foreclosing a defendant's ability to withdraw a guilty plea as a matter of right. Accordingly, I would grant appellant's petition for rehearing, reverse the denial of the motion to withdraw the guilty plea, and remand this case for further proceedings.

Appellant and a co-defendant were jointly charged with several crimes. The State offered appellant a plea agreement in exchange for his testimony against the co-defendant. Under the terms of the agreement, the State would recommend concurrent prison terms of fourteen years followed by ten years suspended imposition of sentence. The court proposed taking appellant's plea in open court but withholding sentencing until the co-defendant was tried or entered a plea. During the plea hearing, the court went through the normal procedures, including allowing appellant to state that he was in fact guilty and asking appellant to describe the crime. After appellant told the court about the crime, the court announced that "the record was closed." At no point did the court state that it was accepting the guilty plea. On April 4, 2007, appellant filed a motion to withdraw his guilty plea. The following day, he invoked his right against self-incrimination and refused to

testify at the co-defendant's trial. At a subsequent hearing, the court denied appellant's motion to withdraw his plea, stating that it had allowed appellant to plead guilty in exchange for a recommendation by the State, a recommendation that it was not bound to follow. The court then sentenced appellant as a habitual offender to a forty-year term in the Arkansas Department of Correction.

Rule 26.1(a) provides, "A defendant may withdraw his or her plea of guilty of nolo contendere as a matter of right before it has been accepted by the court." The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. *Aikens v. State*, 368 Ark. 641, 249 S.W.3d 799 (2007). Arkansas courts strictly construe criminal statutes, resolving all doubts in favor of the defendant. *Heikkila v. State*, 352 Ark. 87, 98 S.W.3d 805 (2003). Court rules are construed by the same means and canons of construction used in statutory interpretation. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002).

The trial court's acceptance of the plea agreement is a procedural "point of no return" for a criminal defendant. Prior to reaching that point, a defendant may, as a matter of right, withdraw his guilty plea. That right disappears upon the court accepting that guilty plea. Therefore, it is essential to fairness and justice that a defendant knows when he has reached that point. One cannot assume that a guilty plea has been accepted when the defendant pleads guilty and describes the factual basis for the guilty plea, particularly when said defendant has no constitutional right to have the guilty plea accepted. *Whitlow v. State*, 357 Ark. 290, 166 S.W.3d 45 (2004) (citing *Singer v. United States*, 380 U.S. 24 (1965); *Lynch v. Overholser*, 369 U.S. 705 (1962)). Thus, a guilty plea should not be deemed accepted absent strict compliance with our rules of criminal procedure.

Here, the trial court merely stated that the record was closed. This could have meant any number of things. Was the judge .accepting the plea, or was he taking the matter under consideration? Under the former, the defendant loses a right otherwise granted to him by our rules of criminal procedure. Under the latter, he retains that right until some point in the future. Due to the serious nature of a guilty plea, a defendant is entitled to know whether his guilty plea has been accepted and to an explicit finding of guilt on the record. To construe Rule 26.1(a) to allow for anything less goes against longstanding precedent requiring courts

to strictly construe criminal statutes and to resolve any doubts in favor of the defendant. Implicit acceptance of a guilty plea also runs counter to the idea of a presumption against waiver of fundamental constitutional rights, *see Michigan v. Jackson*, 475 U.S. 625 (1986), and the idea that any waiver must be knowingly, intelligently, and voluntarily made. *See, e.g., Marshall v. State*, 102 Ark. App. 175, 283 S.W.3d 597 (2008) (right to a twelve-person jury); *Croston v. State*, 95 Ark. App. 157, 234 S.W.3d 909 (2006) (self-incrimination); *Parker v. State*, 93 Ark. App. 472, 220 S.W.3d 238 (2005) (right to counsel).

The majority's opinion departs from our precedent requiring strict compliance with rules governing guilty pleas. For example, the Arkansas Reports are full of cases where an appeal was dismissed for failure to comply with the strict dictates of Rule 24.3(b), which governs conditional pleas of guilty or nolo contendere. It is well settled that, absent strict compliance with Rule 24.3(b), this court acquires no jurisdiction to hear an appeal from a guilty plea. *See, e.g., Ray v. State*, 328 Ark. 176, 941 S.W.2d 427 (1997). Therefore, even when the record clearly shows that a defendant pleaded guilty or nolo contendere while reserving a right to appeal under Rule 24.3(b), appellate courts have routinely dismissed appeals where the rule was not strictly followed. *See, e.g., McDonald v. State*, 354 Ark. 680, 124 S.W.3d 438 (2003) (dismissing appeal when the appellant filed notice of appeal from the denial of the motion to suppress rather than the judgment and commitment order); *Berry v. City of Fayetteville*, 354 Ark. 470, 125 S.W.3d 171 (2003) (dismissing appeal when the appellant sought review of the constitutionality of an ordinance rather than a motion to suppress); *Waters v. State*, 102 Ark. App. 8, 279 S.W.3d 493 (2008) (dismissing appeal when a defendant signed a form guilty-plea statement wherein the form stated that he relinquished his right to appeal, despite the fact that the word "conditional" was written on the form in several places); *Webb v. State*, 94 Ark. App. 234, 228 S.W.3d 527 (2006) (dismissing appeal when the appellant filed notice of appeal from the conditional guilty-plea agreement rather than the judgment and commitment order); *Bristow v. State*, 82 Ark. App. 145, 119 S.W.3d 527 (2003) (dismissing appeal when the prosecutor failed to sign the document assenting to the conditional plea). Further, the rules of criminal procedure require that the court make several inquiries before accepting a guilty plea. *See* Ark. R. Crim. P. 24.5 (requiring the court to determine the voluntariness of a plea); Ark. R. Crim. P. 24.6 (requiring the court to cause a guilty plea to be on a verbatim record). I find it unusual

that such strict compliance is required once the plea has been taken but not prior to accepting the plea.

Accordingly, I would grant appellant's petition for rehearing, reverse the denial of the motion to withdraw the guilty plea, and remand this case for further proceedings. Because a majority of my colleagues have voted to the contrary, I must respectfully dissent.