ROBERT J. GLADWIN, Judge
Appellant Terry Lee, Jr., appeals the June 5, 2017 sentencing order entered by the Desha County Circuit Court. Specifically, he appeals the increase of his sentence that resulted from a hearing on a negotiated plea agreement from thirty-six months to twelve years-and then from twelve years to twenty years in the Arkansas Department of Correction (ADC). Appellant claims that the trial court abused its discretion when it refused to allow him to withdraw his plea after it had amended his entered plea agreement and when it increased his sentence in response to appellant's actions in the courtroom that constituted contempt of court. We affirm in part and dismiss in part.
I. Facts
Appellant was charged with the Class C felony offense of domestic battering in the second degree, subject to not less than three years nor more than twenty years as a habitual offender and up to a $10,000 fine. Appellant and his appointed counsel initialed, signed, and completed a plea statement establishing that appellant was aware of his rights and the plea process. Included in the document was a sentence recommendation signed by the deputy prosecuting attorney reflecting that if appellant pled guilty, the State would recommend thirty-six months in the ADC with an additional sixty months' suspended sentence, along with fines and costs.
A plea hearing was held on June 5, 2017. Appellant was present with his appointed attorney, along with the Tenth Judicial District's deputy prosecutor. Appellant expressed to the trial court that he desired to take the plea and did not want to proceed to trial. Appellant acknowledged that he was aware of his right to a trial and that he was not forced to give up that right. However, he also explained that he could not remember the details of his criminal act sufficient to establish a factual basis for the plea. The State proffered what the anticipated testimony would be at trial from the case summary provided by McGehee police officer Jonathan Burgess, as set forth in his case file, which also included a statement from the victim, appellant's then girlfriend, Asia Davis.
Before accepting his plea, the trial court asked appellant if he would like to change his plea from guilty to no contest. The trial court explained that a plea of no contest meant that appellant was not going to challenge the State's evidence; the State would proffer the evidence it would present *74 at trial; and the trial court would make the determination if there was enough evidence to convict.
The trial court reviewed the plea agreement and reiterated to appellant that he could receive twenty years on "this thing," and was getting three years pursuant to the agreement, plus an additional five years' suspended imposition of the sentence. The trial court said, "As I stated before, I find that there is a factual basis for your plea." The trial court then inquired of the State whether the victim was appellant's girlfriend and whether they were possibly back together. After hearing from appellant that they were not "together" but were in communication, the trial court again asked appellant if he had been too drunk to remember that night. Appellant indicated that he remembered some things, but acknowledged that he had been intoxicated. The trial court then stated, "Yeah, I've already taken your plea, and I've accepted your plea. Tell me what you do remember." Appellant answered:
I really don't. I-I really-I don't-I don't really remember anything, really, too much. I came home-I don't know. I just blacked out, I guess. I really don't remember, and I don't even know why. It was-it started with an argument, not dealing with-it started with an argument and transformed to that, you know what I'm saying, transformed to something else into that. I flat done lost it. I don't remember too much though.
And the table leg; they say such-and-such said this about a table leg. Who was there even to say I did anything with the table leg? I'm just-I was just furious. She the only one there.
The trial court responded,
I'm going to tell you what I'm thinking right now. I'm thinking three years is too low. And if you can be that intoxicated and beat the hell out of somebody with
a table leg, whatever personal problems she may have, that's on her. But to come home and to do that, whether intoxicated or not-and intoxication is not a defense in the State of Arkansas-is a problem. And in my opinion, you're smiling too much about it.
The trial court further questioned appellant about why he was currently incarcerated and what programs he had completed in the ADC. The trial court asked again if appellant understood that the trial court was not required to carry out the sentence agreed on by the defense counsel and prosecuting attorney and that the power of sentencing rested solely in the trial court.
The trial court inquired about appellant's prior record and looked at the photographs of the victim taken after she had been beaten with the table leg. The trial court announced that appellant would be sentenced to twelve years' imprisonment in the ADC. Appellant's counsel immediately asked the trial court if she could have the opportunity to ask appellant if he would like to withdraw his no-contest plea. The trial court stated that the plea had already been accepted, that it would not accept a withdrawal, and that appellant was "going to get twelve years in ADC, and that is it."
Appellant asked the trial court why it was going to do that, to which it explained that his sentence could be changed to twenty years. Appellant responded, "I don't give a f* * *, man." The trial court then amended appellant's sentence to twenty years. The following exchange occurred:
THE COURT : Twenty years. Also-also let's-
DEFENDANT : I'll get yo' ass too, n* * *er.
THE COURT : -ten thousand-oh, hold-
DEFENDANT : Yeah, I'll get yo' ass too, n* * *er.
*75 THE COURT : Oh, hold up. Prosecutor, I want you to go ahead and give him a charge on it. He's got 20 years. I'm going to max him out also on the-on his fines as well.
DEFENDANT : Hunt him down and take-man, I don't give a f* * *. Ain't-Mother * * *er-
THE COURT : And I find him in contempt.
DEFENDANT : He ain't saying nothing, n* * *er.
THE COURT : Mr. Prosecutor, I want an investigation on him for threatening a circuit judge. And I want that done.
The sentencing order was filed on June 5, 2017, reflecting twenty years in the ADC and the maximum fine available; appellant filed his notice of appeal on July 5, 2017.
II. Standard of Review and Applicable Law
Arkansas Rule of Criminal Procedure 26.1(a) (2017) specifically provides that "[a] defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court." However, before entry of judgment, the trial court, in its discretion, may allow the defendant to withdraw his plea to correct a manifest injustice if it is fair and just to do so, giving consideration to the reasons advanced for the withdrawal. See, e.g. , Green v. State , 362 Ark. 459, 462, 209 S.W.3d 339, 341 (2005). Appeals of denials of motions to withdraw no-contest pleas are reviewed for abuse of discretion. Zoller v. State , 282 Ark. 380, 385, 669 S.W.2d 434, 436 (1984). An appellant bears the burden of showing to the satisfaction of the trial court that manifest injustice would result unless it sets aside the plea. Folk v. State , 96 Ark. App. 73, 77, 238 S.W.3d 640, 642 (2006). What may constitute "manifest injustice" under the rule is illustrated in Rule 26.1(b), which provides:
Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that: (i) he or she was denied effective assistance of counsel; (ii) the plea was not entered or ratified by the defendant or the person authorized to do so in his or her behalf; (iii) the plea was involuntary, or was entered without knowledge of the charge or that the sentence imposed could be imposed....
Arkansas law does not provide a means to appeal a plea of guilty or nolo contendere except in special circumstances that are not present in this appeal. Ark. R. Crim. P. 24.3(b) (2017). See Reynolds v. State , 2012 Ark. App. 440, 2012 WL 3744793. A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b) ; (2) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. Matthews v. State , 2017 Ark. App. 25, 2017 WL 203340.
Arkansas Rule of Criminal Procedure 25.3 governs relevant notice provisions:
(a) The judge shall not participate in plea discussions.
(b) If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions *76 will be granted, upon request of the parties the trial judge may permit the disclosure to him of the
agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition. If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.
(c) If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that:
(i) the agreement is not binding on the court; and
(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement.
(d) A verbatim record of all proceedings had in open court pursuant to subsections (b) and (c) of this rule shall be made and preserved by the court.
III. Discussion
A. Did the Trial Court Abuse Its Discretion When It Refused to Allow Appellant to Withdraw His Entered and Accepted Plea Agreement?
Appellant submits that the trial court abused its discretion in forcing him to go forward with the plea agreement from which he wanted to withdraw. Appellant argues that it is evident that after the trial court had decided to increase his sentence from three to twelve years, the actions and words of appellant indicated that he wished to withdraw his plea. Appellant submits that he was not getting the benefit of his agreed upon bargain. While acknowledging that he never expressly said he wished to withdraw, appellant notes that he did say to the trial court, "[W]hat if I ain't wanting to plea ..." The colloquy that followed evidenced that appellant became irate. His counsel asked the trial court for permission to discuss withdrawal of the plea with her client, but that request was promptly and summarily declined by the trial court. Appellant argues that he sufficiently indicated his intent to withdraw from the altered plea agreement.
Appellant cites Drake v. State , 103 Ark. App. 87, 286 S.W.3d 728 (2008), in which a Drew County circuit judge was found to have entered a plea agreement although he had not expressly stated his intent to do so. This court held that "while the circuit judge did not explicitly state at Drake's plea hearing that it accepted the guilty plea, it is implicit in the colloquy between the court and appellant that the court did so." Id. at 91, 286 S.W.3d at 732.
Our supreme court has also held that Rule 26.1(a) includes no requirement that the court accept a guilty or nolo contendere plea by express words and that we will not read language into a statute or a rule that is not included in it. See Potter v. City of Tontitown , 371 Ark. 200, 264 S.W.3d 473 (2007).
Appellant argues that if the exchanges between the trial courts and defendants in Drake and Potter were sufficient to establish that the trial courts had "entered" the plea agreements, then the same analysis should apply in reverse in this case-that the actions and colloquy are sufficient to evidence that appellant desired to withdraw from his plea agreement without saying *77 those express words. Accordingly, appellant argues that the trial court should have allowed him to withdraw his plea and not sentenced him to twelve years in prison.
Alternatively, appellant argues that if the court determines that the plea agreement had already been expressly entered by the trial court,[1] then the trial court should not have increased the length of appellant's sentence. Appellant notes that Judge Wendell Griffen, in the dissent in Drake, supra , stated that "the trial court's acceptance of the plea agreement is a procedural 'point of no return' for a criminal defendant. Prior to reaching that point, a defendant may, as a matter of right, withdraw his guilty plea. That right disappears upon the court accepting that guilty plea." Drake , 103 Ark. App. at 94, 286 S.W.3d at 733 (Griffen, J., dissenting). Appellant urges that at whatever time the trial court accepted his negotiated plea, it had reached that point of no return and ceased to have the authority thereafter to increase his sentence.
We disagree and hold that the trial court expressly accepted appellant's no-contest plea after a lengthy discussion with appellant on what exactly a no-contest plea would mean. Because the trial court accepted appellant's no-contest plea, it was within the discretion of the trial court to determine whether it would allow appellant to withdraw his plea.
Despite appellant's assertion that his statement, "[W]hat if I ain't wanting to plea," was a clear expression of his intent to withdraw his no-contest plea, the record does not support his claim. The trial court explained in detail what a plea of no-contest meant and explained that the trial court was under no obligation to sentence him to the thirty-six-month sentence to which his defense counsel and the deputy prosecutor had initially agreed. Appellant acknowledged that he understood that he could receive more than the agreed upon term and that he believed the plea to be in his best interest.
Appellant fails to show that the trial court abused its discretion by not allowing him to withdraw his no-contest plea or how a manifest injustice occurred because the trial court was within its authority to sentence him under Arkansas Code Annotated section 5-4-501(a)(2)(D) (Supp. 2015). We affirm the refusal to allow appellant to withdraw his plea agreement after entry and acceptance by the trial court and will next discuss the length of the sentence imposed.
B. Did the Trial Court Abuse Its Discretion in Increasing Appellant's Sentence?
Recently, in Cartwright v. State , 2017 Ark. App. 100, 514 S.W.3d 494, we reiterated that Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a plea of guilty. See Wright v. State , 2016 Ark. 5, 2016 WL 97510. In Cartwright , we acknowledged the exceptions set out in Matthews, supra. Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. Id.
Rule 25.3 of the Arkansas Rules of Criminal Procedure likewise does not salvage an appellant's ability to appeal. Rule 25.3 expressly contemplates the trial court's decision to vary from the sentencing recommendations or concessions of a plea agreement. When a trial court decides *78 to vary from the sentencing recommendations or concessions of the plea agreement, the trial court is then required to inform the defendant of his right to withdraw the plea or to advise the defendant that the agreement is not binding on the court. Here, pursuant to Rule 25.3(c), because the parties did not seek the concurrence of the trial judge in the plea agreement, the trial judge advised appellant in open court at the time that (1) the agreement was not binding on the trial court and (2) if he pleaded or were to plead guilty or nolo contendere the disposition may be different from that contemplated by the agreement. Accordingly, we hold that the notice requirements of Rule 25.3 were met before any variance in appellant's sentence. Because this case does not meet the requirements for any of the exceptions that would allow for an appeal from the sentence, we dismiss that part of appellant's appeal.
Affirmed in part; dismissed in part.
Whiteaker and Brown, JJ., agree.

The trial court expressly stated that "I have already taken your plea, and I have accepted your plea."